**In re McGANN MFG. CO., Inc.**

**Nos. 10,090, 10,378, 10,379.**

United States Court of Appeals, Third Circuit.

Argued June 18, 1951.

Decided July 30, 1951.

Before BIGGS, Chief Judge, and STALEY and HASTIE, Circuit Judges.

STALEY, Circuit Judge.

In this proceeding under Chapter X of the Bankruptcy Act, 11 U.S.C.A. § 501 et seq., a mortgagee of debtor has filed three appeals. The appeal at No. 10,090 was taken from an order approving a lease upon the property encumbered by the mortgage, and that at No. 10,379 is from an order approving a second lease on the property; the mortgagee has also appealed (No. 10,378) from an order which dismissed the mortgagee's petition under Section 236 of the Bankruptcy Act, 11 U.S. C.A. § 636, whereby mortgagee sought either an adjudication that the debtor was a bankrupt or a dismissal of the reorganization proceedings.

The trustee was appointed on March 18, 1946.[1] Numerous extensions of time were granted for the presentation of an acceptable plan of reorganization, but no plan has ever been forthcoming. The principal barrier to the preparation and filing of a plan has been the uncertainty of the debtor's financial picture because of pending litigation by the trustee under the Lucas Act (War Contracts Hardship Claims Act) 41 U.S.C.A. § 106 note. In that action, commenced in 1946, the debtor sought recovery of approximately $650,000 for losses alleged to have been suffered by it in the performance of World War II contracts for the United States Maritime Commission and others. The War Contracts Relief Board of the Navy denied relief, following which an appeal was taken to the District Court for the Middle District of Pennsylvania. That appeal was pending before that court at the time the most recent order was entered extending the time for filing a plan and at the time the instant appeals were argued before this court. Subsequent to the oral argument, however, a decree was entered by the district court in the Lucas Act litigation, awarding the McGann Manu-

David H. Frantz, Philadelphia, Pa. (Edwin J. Feeny, Philadelphia, Pa., on the brief), for appellant.

Ralph F. Fisher, York, Pa., for Trustee.

Thomas D. Caldwell, Harrisburg, Pa., for stockholder.

1. A history of the proceedings appears in the opinion of this court in an earlier

appeal. In re McGann Mfg. Co., 3 Cir., 1951, 188 F.2d 110.

facturing Company approximately $57,000 plus interest.

■ The parties have agreed that the appeal from the order of the district court dismissing mortgagee's petition under Section 236 is the principal appeal and that the other two are dependent on it. The fundamental question involved is the extent to which the district court can require a lien creditor to suffer the possibility of ultimate loss in order that a debtor and other creditors may have an opportunity to effect a plan of reorganization. Such a question is primarily one for the district court, and the determination of that court will not be reversed except for a clear abuse of discretion.[2]

■■ It may very well be that the extraordinary circumstances here justified the great delay. See In re Utilities Power & Light Corp., 7 Cir., 1937, 91 F.2d 598.[3] The district court, in its opinion of September 12, 1950, stated that there was a reasonable expectation that an acceptable plan might be formulated in the near future. Now that the decision in the Lucas Act suit has been handed down, however, we think an early date should be set by the district court for the filing of a plan.[4] The object of Chapter X is to effectuate quick reorganization, and not to nurse indefinitely an ailing enterprise. In re Pittsburgh Rys. Co., 3 Cir., 1946, 155 F.2d 477. We, therefore, will remit the record at No. 10,378 with directions to the district court to enter an order fixing a date within a reasonable time on or before which a plan must be filed.

■ The approval of the leases was within the discretion of the district court, except that no reason has been shown to support the provisions thereof that payments to be made on account should be credited to principal. We are of the opinion that such payments should be applied as the mortgagee creditor desires. The record at No. 10,090 and the record at No. 10,379 will be remitted with directions to the district court to modify its respective orders of July 12, 1949, and November 21, 1950, by providing that such payments shall be applied as the mortgagee creditor may elect.

2. See In re Island Park Associates, 2 Cir., 1935, 77 F.2d 334, 337; Oakland Hotel Co. v. Crocker First Nat. Bank, 9 Cir., 1936, 85 F.2d 959.

3. See Continental Illinois Nat. Bank & Trust Co. v. Chicago, Rock Island & P. Ry. Co., 1935, 294 U.S. 648, 685, 55 S. Ct. 595, 79 L.Ed. 1110.

4. Counsel for the trustee stated at the oral argument on this appeal that the trustee would be in a position to file a plan within ten days of the decision of the district court in the Lucas Act case, even if that decision be an adverse one.