**In re Frances Ann NIELSEN, Debtor.**

**Bankruptcy No. 80–01019.**

United States Bankruptcy Court,
N. D. Alabama.

Aug. 18, 1980.

David B. Anderson, Cabaniss, Johnston, Gardner, Dumas & O'Neal, Birmingham, Ala., for American Security Bank.

Robert B. Rubin, Sirote, Permutt, Friend, Friedman, Held & Apolinsky, Birmingham, Ala., for debtor.

ORDER ON MOTION TO DISMISS
PETITION

L. CHANDLER WATSON, Jr., Bankruptcy Judge.

The above–styled case came before the Court on July 15, 1980, at Anniston, Ala-

bama, for a hearing upon a motion by American Security Bank to dismiss the above–styled case upon the grounds stated in paragraphs (1), (2), (3), and (4) of subsection (b) of Section 1112, Title 11, United States Code, and those present with the Court were the debtor, the debtor's attorney, Mr. Richard A. Robson, and the attorney for the movant. The testimony of the debtor and the testimony of David Anderson, Esquire, attorney for the movant, were offered by the movant and accepted by the Court. Counsel for the parties then offered arguments to the Court. The hearing was recorded by a court reporter.

## FINDINGS OF FACT

Upon the evidence presented to the Court, the bankruptcy judge does hereby find:

(1) That the major asset of the debtor is the 1,000 shares of stock in Mobile Fuel Shipping, Inc., which is also a Chapter 11 debtor before this Court (Case No. 79–04655);

(2) That stockholders, Mr. Richard A. Robson (also a Chapter 11 debtor before this Court [Case No. 80–01020]), and Mr. Joe Fleming are guarantors of a debt in the amount of approximately $4,000,000.00, owed by Mobile Fuel Shipping, Inc., to the movant;

(3) That the debtors have pledged their shares of stock in Mobile Fuel Shipping, Inc., to secure said debt.

(4) That since February, 1980, the debtor has not been employed, and her income has consisted of $90.00 per week in unemployment benefits and financial assistance from her parents.

(5) That the debtor will not be able to effectuate a plan under Chapter 11, Title 11, United States Code, unless and until Mobile Fuel Shipping, Inc., is reorganized under Chapter 11, and the debtor's stock thereby acquires value and earning power.

(6) That the case of Mobile Fuel Shipping, Inc., as a Chapter 11 debtor is still before this Court;

(7) That the debtor, Mobile Fuel Shipping, Inc., is not presently operating, and is continuing to accrue losses through decreases in value of its equipment and accrual of minimum royalties on leases;

(8) That there are on–going negotiations by parties in interest to sell, reorganize, or operate Mobile Fuel Shipping, Inc.

(9) That no party in interest has asked the Court to enter an order to extend or limit the time in which a plan may be filed in this case or in the case of Mobile Fuel Shipping, Inc., and that no such order has been entered by the Court in either case.

(10) That, though the debtor has on occasion acted in ways that have not increased the speed with which her case could be dispatched, the Court is unaware that she has failed to comply with her obligations under Title 11, United States Code.

## CONCLUSIONS BY THE COURT

 No order fixing time for the debtor to file a plan has been entered in this case, therefore, paragraph (4) of Section 1112(b) is not grounds to dismiss this case.

The United States Congress gave the debtor in possession the exclusive right to file a plan for 120 days in Chapter 11. To allow the debtor the period of time granted to it by Congress cannot be taken to be unreasonable delay. Therefore, since that period of time has just recently run, and the Court is unaware of any conduct by the debtor which could be adjudged as unreasonable delay, the Court finds that there has been no unreasonable delay under paragraph (3) of Section 1112(b) in this case.

The debtor's ability to effectuate a plan is dependant upon the rehabilitation of Mobile Fuel Shipping, Inc., also a Chapter 11 debtor. The likelihood of rehabilitation of this debtor and the value of this debtor's estate is also directly connected with Mobile Fuel Shipping, Inc.

 Mobile Fuel Shipping, Inc., has been incurring expenses which accrue regardless of whether it is in operation or not. It has realized little or no income in the last several months. This has resulted in debts ac-

cruing and in a decrease in whatever value, if any, the shares of stock in Mobile Fuel Shipping, Inc. had, and thereby the diminution of the estate of this debtor.

The future of Mobile Fuel Shipping, Inc., is uncertain, but negotiations for its rehabilitation are continuing and no party in interest to its bankruptcy case, including the trustee, has filed a motion to dismiss or convert the case of Mobile Fuel Shipping, Inc.

The Court concludes that, since the Chapter 11 case of Mobile Fuel Shipping, Inc., has not been converted to a Chapter 7 liquidation or been dismissed, the evidence adduced in Ms. Nielsen's case is inconclusive and does not satisfy that there is an absence of a reasonable likelihood of her rehabilitation. If Mobile Fuel Shipping, Inc. were rehabilitated, the debtor might then have the ability to effectuate a plan, and she would have a reasonable likelihood of rehabilitation. Therefore, the Court finds that paragraphs (1) and (2) of Section 1112(b) do not provide grounds for dismissal of this case. The Court concludes that no cause has been shown why this case should be dismissed and that the motion by American Security Bank should be denied.