### In the Matter of HORIZON HOSPITAL, INC. aka Pinellas Horizon Hospital, Inc., Debtor.

### Bankruptcy No. 80–715.

United States Bankruptcy Court, M. D. Florida, Tampa Division.

April 15, 1981.

Domenic L. Massari, Tampa, Fla., for EHI of Florida, Inc.

J. Patrick McElroy, Clearwater, Fla., for Horizon Hospital.

C. Edward Dobbs, Atlanta, Ga., for co-trustees for bondholders.

Rodney May, Securities & Exchange Commission, Washington, D. C., for SEC.

Barbara McPherson, Dept. of Health & Rehabilitation Service, State of Fla., Clearwater, Fla., for Dept. of Health and Rehabilitation.

## ORDER ON MOTION TO DISMISS CHAPTER 11 CASE AND ORDER ON OBJECTION TO CONVERSION

ALEXANDER L. PASKAY, Chief Judge.

THIS IS a business reorganization case and the matter under consideration is a Motion to Dismiss the case or, in the alternative, to abstain. The Motion was filed by EHI of Florida, Inc. (EHI). EHI seeks a dismissal of the case on the ground that the petition for relief, originally filed under Chapter 7 which is now converted into a Chapter 11 case, was not filed in good faith; that it was filed solely as a vehicle to damage and harass EHI; that the Debtor fraudulently invoked the jurisdiction of this Court not for a legitimate purpose of effectuating a reorganization of an insolvent Debtor, but for a purpose of destroying certain contractual rights of EHI. EHI also seeks a dismissal on the ground that the Debtor failed to file a plan within the time required by § 1121(c) of the Code and it appears that the Debtor has no intention of reorganizing its operation. The Motion immediately prompted an extensive response not only from the Debtor but also from the Trustees for the bondholders.

The attack of EHI's Motion by the Trustees based on the contentions that EHI is

not a party in "interest" since EHI is not, nor has it ever claimed to be, a creditor or a party of interest, therefore, it has no standing to be heard and seek a dismissal of the case under § 1112(b) of the Code.

Considering first this threshold question, this Court is satisfied that under the undisputed facts in this case, EHI is a "creditor" although it has only a possible contingent, unliquidated and a disputed claim which may or may not ripen into a fixed claim depending on the outcome of several adversary proceedings filed against EHI by the Debtor and by the Trustees for the bondholders. This conclusion is based on the broad definition of the term "claim" as that term is defined by § 101(4) of the Code. There is no question that EHI is an entity; that it has a "claim" against the Debtor, thus it is a "creditor" within the meaning of that term as defined by § 101(9) of the Code. This leaves for consideration the grounds set forth in the Motion to Dismiss filed by EHI.

The evidence presented in support of the Motion reveals that prior to May 23, 1980, Horizon Hospital, Inc., aka Horizon Mental Health Hospital, aka Pinellas Horizon Hospital, Inc. (Horizon) was the owner and operator of a large mental health facility located in Pinellas County, Florida. On February 1, 1973, and later on August 1, 1975, Horizon issued two series of "Gross Revenue Sinking Fund Bonds" under a Trust Indenture. The bonds issued are held by about 1,700 investors and on the date of filing, the total indebtedness under this bond issue was $11.3 million in principal and $4.3 million in accrued interest. The interest is accruing at a rate of approximately $80,000 per month. It is without dispute that at the time Horizon filed its original petition for relief on May 23, 1980, the obligation under the bond issue was in serious default.

On March 29, 1980, the Board of Directors of the Debtor and EHI entered into an agreement and executed a document entitled "Lease" which purported to grant to EHI the right to use, occupy, and manage the facility for a term of ten years at an annual rental of $1,440,000 payable quarterly. It further provided for four annual payments commencing September 1, 1984 in the amount of $360,000. The lease includes an option to renew the lease for two additional five year terms at the annual rental of $500,000 payable monthly. The validity of this lease is the focal point of several hotly contested adversary proceedings mentioned earlier.

After EHI took possession and control of the facility, due to EHI's failure to pay some of its expenses of the operation, a virtual tug-of-war erupted between the parties. For instance, the signatories on the corporate bank account were changed several times which, in turn, created financial chaos and as a result, numerous trade bills and other operating expense items were not paid by EHI. The fact of the matter is that the power company threatened to cut off service for non-payment and the Trustees of the bondholders also threatened to accelerate the bonded indebtedness although no formal acceleration did occur.

Sometime in mid May, the Board of Directors of Horizon voted to seek relief in this Court and authorized the filing of a petition for relief under Chapter 7. Although EHI was in possession of the premises and operated the facility, it has not paid any rent to Horizon under the lease. While there is some evidence that the members of the Board of Directors voted to seek relief in this Court because they were apprehensive as to their possible personal exposure, there is no doubt that Horizon had no longer any income, had liabilities in excess of $15 million and certainly was not in a position to meet its obligations as they became due.

The Debtor's right to seek relief in a bankruptcy court is challenged by EHI on two grounds. First, it is contended that by virtue of § 1112(b), a case under this chapter can be dismissed for "cause" and although the Code does not expressly require that a petition be filed in "good faith", the "cause" by implication includes lack of "good faith" and warrants dismissal if it is found to exist. EHI also urges, in the

alternative, that in any event, the case should be dismissed because Horizon did not file a plan within the time required by § 1121(c).

■ In support of its first proposition, EHI cites *Matter of Northwest Recreational Activities, Inc.*, 4 B.R. 36, 1 C.B.C.2d 713 (Bkrtcy.N.D.Ga.1980), where the Court held that the concept of good faith remains a viable concept and retains a continued relevance even though the Code no longer requires a finding of good faith as a condition precedent and no longer requires the approval of a petition for relief as was the case in the corporate reorganization case under the pre-Code Chapter X law. §§ 141 and 146 of the Bankruptcy Act of 1898 as amended. In addition, EHI also urges that its position is supported by the case of *In re G–2 Realty Trust*, 6 B.R. 549, 2 C.B.C.2d 1344 (Bkrtcy.D.Mass.1980) in which case the Court held that the bankruptcy court has an inherent power and duty to inquire into the issue of good faith, based on § 1112(b) which authorizes dismissal of a case for "cause", citing *In re Tolco Properties, Inc.*, 6 B.R. 482, 3 C.B.C.2d 100 (Bkrtcy.E.D.Va. 1980) and *In re Dutch Flat Investment Co.*, 6 B.R. 470, 3 C.B.C.2d 136 (Bkrtcy.N.D.Cal. 1980). Considering these propositions seriatim, it is clear that a Chapter 11 case may be dismissed for "cause" and "cause" is not limited to the traditional grounds for dismissal and the court may dismiss a case under its general equitable powers. H.R. 95–595 Cong.1st Sess. 405–06 1977, U.S. Code Cong. & Admin.News 1978, p. 5787. On the other hand, it is clear that "good faith" is not part of § 1112(b) in the sense as that term was used in §§ 141 and 146 of Chapter X of the Bankruptcy Act. If this would be the case, the specific subclauses of § 1112(b) would be unnecessary and superfluous. The review of the authorities cited clearly indicates that a fraudulent or improper invocation of this Court's jurisdiction would certainly be a "cause" for dismissal. For instance, in *Shapiro v. Wilgus*, 287 U.S. 348, 53 S.Ct. 142, 77 L.Ed. 355 (1932) the Court held that invocation of a Court's jurisdiction in an equity receivership case was fraudulent, therefore, the dis-

trict court had the power to dismiss the case. In *Shapiro, supra* the Court found that the aim of filing the receivership was not for normal business purposes, but for the purpose of perpetrating a fraud. For instance, in the case of *G–2 Realty Trust, supra* the Court found that the Debtor changed its legal status for a sole purpose of becoming eligible for Chapter 11 relief and to use the Chapter to stay an imminent foreclosure proceeding but not to obtain relief. The Court found that the petition was not filed in "good faith" and a dismissal was proper.

It is apparent that all cases cited by EHI involving dismissal for lack of "good faith" was based on a finding of improper fraudulent motive when the sole or primary purpose for filing was not to obtain relief and reorganization under the Chapter, but to use the Bankruptcy Court to defraud either creditors or stockholders.

■ In the present instance, there is no question that Horizon is in dire need of reorganization; that the bondholders cannot obtain adequate protection of their interest except under the protective umbrella of this Court; the debt structure of Horizon is in need of radical readjustment and the overall interest of all parties of interest cannot and will not be adequately protected except in this Court. There is no doubt that this Debtor is eligible for relief under this Chapter, and unlike the other cases cited, the Debtor entity was not created for a purpose of becoming eligible, cf. *In re G–2 Realty Trust, supra*, and did not file the original petition to defraud either creditors or stockholders. From all of these, it follows that there is no evidence of lack of "good faith" in this case, thus, there is no "cause" which would warrant a dismissal under § 1112(b)(1) of the Code.

■ This leaves for consideration the second ground urged by EHI for dismissal which is Horizon's failure to file a plan within the time frame of § 1121(c). There is no doubt that the exclusive time frame provided by § 1121(c), i. e. 120 days, has long expired. It is equally without dispute

that so did the 180 days and no one has filed a plan so far. The fact of the matter is this case has been pending for almost a year and no real progress has been made toward reorganization. The difficulty with EHI's proposition is, however, that § 1112 authorizes a dismissal for failure to propose a plan within a time fixed by the Court and no time has been fixed yet by the Court to file a plan. Moreover, a dismissal for unreasonable delay can only be a ground for dismissal if the delay is prejudicial to creditors. Section 1112(b)(3). This record is devoid of any evidence that creditors have been prejudiced due to delay or that Horizon is unable to effectuate a plan. Thus, dismissal would not be warranted under § 1112(b)(2). Although EHI intimated that the Trustees for the bondholders are compelled to sell the facility to Hospital Affiliates, Inc. (HAI) by virtue of an agreement with HAI, this is only true in the event the bondholders acquire title through foreclosure proceedings or if the facility is abandoned, but this is not true if the case remains in this Court and Horizon is able to fund a plan of reorganization through any acceptable method including sale of the facility to an entity other than HAI.

In sum, this Court is satisfied that none of the sub-clauses of § 1112(b) are applicable. This does not mean, however, that this Court should not establish a deadline for filing a disclosure statement and the plan.

EHI also filed a Motion to Object to the Conversion from Chapter 7 to Chapter 11, but this Motion is now withdrawn, thus, it is moot.

In accordance with the foregoing, it is

ORDERED, ADJUDGED AND DECREED that the Motion to Dismiss or to abstain filed by EHI be, and the same hereby is, denied. It is further

ORDERED, ADJUDGED AND DECREED that the objection to the conversion filed by EHI be, and the same hereby is, overruled as moot. It is further

ORDERED, ADJUDGED AND DECREED that Horizon Hospital, Inc., be and the same hereby is, ordered to file a disclosure statement and a plan of reorganization as required by §§ 1121 and 1125 within 60 days from the date of the entry of this order.