In re **FIRST LEWIS ROAD APARTMENTS, INC., Debtor.**

**Bankruptcy No. 81–00103–R.**

United States Bankruptcy Court,
E. D. Virginia,
Richmond Division.

May 21, 1981.

See also, Bkrtcy., 11 B.R. 575.

Debra J. Prillaman, Asst. U. S. Atty., Richmond, Va., for United States, etc./movant.

Watson M. Marshall, Richmond, Va., for debtor.

## MEMORANDUM OPINION AND ORDER

BLACKWELL N. SHELLEY, Bankruptcy Judge.

This matter comes on upon the filing of a Motion by the United States, through its Federal Housing Commissioner and Department of Housing and Urban Development, by the Assistant United States Attorney, to dismiss the petition of the Debtor under Chapter 11 of the Bankruptcy Code pursuant to 11 U.S.C. § 1112(b)(1). Upon the conclusion of the hearing in the matter, the Court makes the following determination.

A dismissal of a Chapter 11 case pursuant to § 1112(b)(1) requires a showing of "a continuing loss to or diminution of the estate" and "an absence of a reasonable likelihood of rehabilitation." The first element of § 1112(b)(1) may be satisfied by showing a negative cash flow after entry of the order for relief or showing of actual depreciation in the value of the property of the estate. 5 *Collier on Bankruptcy* ¶ 1112.-03[2][c][i] (15th ed). In May of 1980 the Movant took peaceful possession of the First Lewis Road Apartments property by reason of a default in the performance of the covenants and conditions contained in the deed of trust on the property. Between May of 1980 and January 1981, when First Lewis Road Apartments, Inc. filed its Voluntary Petition in Bankruptcy, the property had a negative cash flow in the amount of $118,051.73. *See* Movant's Exhibit No. 3. Moreover, it was established that general deterioration is occurring in all aspects of the project. There has been extensive fire damage to several of the housing units, contamination in the water system, and electrical, mechanical and structural problems to the apartments. *See* Movant's Exhibits No. 12–15, 19. This Court is satisfied that the first element of § 1112(b)(1) has been met.

The Movant has also established that there is an absence of a reasonable

likelihood of rehabilitation. There has been no acceptable application to the Movant for improvement and rehabilitation of the project as is required by federal regulations. While there has been evidence of entities desiring to rehabilitate the project, there has been no evidence of present ability to do so. In light of the deteriorating condition of the project, and the cost of rehabilitation, this Court finds no reasonable likelihood of rehabilitation. *See* Movant's Exhibits No. 19–25.

While the Court has the right to convert a Chapter 11 case to one under Chapter 7, in this instance it finds no benefit to either the estate or the creditors in such conversion. Accordingly, for the reasons stated, this Court exercises its alternative right and GRANTS the Movant's Motion to Dismiss, and it is

ORDERED that the bankruptcy petition of First Lewis Road Apartments, Inc., be and the same hereby is, DISMISSED.

The Clerk is directed to forward a copy of this Memorandum Opinion and Order to counsel for the Debtor and counsel for the Movant and such further notice that is required to all creditors and parties in interest.