**In re L. N. SCOTT COMPANY, INC., Debtor.**

**Bankruptcy No. 80–00653K.**

United States Bankruptcy Court, E. D. Pennsylvania.

Aug. 24, 1981.

Larrick B. Stapleton, Philadelphia, Pa., for debtor.

Robert H. Levin, Philadelphia, Pa., for Southeast Nat. Bank.

John T. Curtin, Philadelphia, Pa., for Henderson Const. Co., Inc.

OPINION

WILLIAM A. KING, Jr., Bankruptcy Judge.

The issue before the Court is whether the Chapter 11 case of L. N. Scott Company, Inc., debtor-in-possession, should be dismissed under 11 U.S.C. § 1112(b). The Court finds that the movant, Henderson Construction Company, Inc., has not shown the requisite cause for dismissal. Therefore, the motion to dismiss is denied.[1]

1. This Opinion constitutes findings of fact and conclusions of law in accordance with Bankruptcy Rule 752.

In April of 1979, the debtor filed a voluntary petition under Chapter XI of the Bankruptcy Act.[2] No plan was ever filed in this proceeding and subsequently, this Court entered an Order allowing the debtor to withdraw its Chapter XI petition. On April 3, 1980, L. N. Scott Company, Inc. filed for relief under Chapter 11 of the Bankruptcy Code. In August of 1980, all of the debtor's tangible assets were sold at public sale as had been approved by the Court. The debtor is no longer an operating business entity. The only remaining assets of the debtor are four (4) causes of action against various parties including the movant, which are currently unresolved.

Henderson Construction Company, Inc. (Henderson), an unsecured creditor, filed a motion to dismiss the case on February 25, 1981. Hearing was duly held on April 28, 1981. Henderson's motion was based on § 1112(b). This section of the Bankruptcy Code provides that the Court may convert a case to Chapter 7 or dismiss the case for cause;[3] and includes nine (9) specific grounds which may constitute appropriate cause for dismissal. Henderson alleged that § 1112(b)(2) and (3) were applicable to this case.[4] At the hearing, counsel for Henderson also argued that it was impossible for the debtor to reorganize because it was no longer an operating business and all physical assets had been sold. Henderson alleges that the only feasible course of action is a liquidation after any assets are realized from the litigation. A liquidating plan, it is alleged, is inappropriate in a Chapter 11 proceeding.

Initially, this Court finds that a liquidating plan may be a proper use of Chapter 11. §§ 1123(b)(4)[5] and 1129(a)(11)[6] both envision liquidation as a means of relief under Chapter 11. The probability that a liquidating plan may be filed does not serve as a ground for dismissal because the submission of such a plan is proper under Chapter 11.

The dismissal requested by Henderson can only be granted if the requisites of § 1112(b) are met. The first ground for dismissal put forward by Henderson is that the debtor in possession is unable to effectuate a plan.[7] In this case, however, no plan can be formulated until the litigation is resolved. The Bankruptcy Court in Alabama recently addressed a similar case. *In re Nielsen*, 6 B.R. 82 (Bkrtcy.N.D.Ala.1980). In this case, the Chapter 11 debtor owned stock in a corporation which was undergoing reorganization. A motion to dismiss the Chapter 11 case was denied because it was possible for a plan to be formulated after the corporation was reorganized and the stock acquired value. In the instant case, favorable results in the four (4) adversary proceedings in which the debtor-in-possession is the plaintiff would result in an influx of assets to the estate. The proceeds could then be distributed through a Chapter 11 plan.

If the creditors are unsatisfied with the debtor's proposed course of action, the Bankruptcy Code allows them to file their

---

**2.** Former Title 11 U.S.C. §§ 701–799, superceded October 1, 1979 by Bankruptcy Reform Act, P.L. 95–595, 92 Stat. 2683 (1978).

**3.** (b) Except as provided in subsection (c) of this section, on request of a party in interest, and after notice and a hearing, the court may convert a case under this chapter to a case under chapter 7 of this title or may dismiss a case under this chapter, whichever is in the best interest of creditors and the estate, for cause, including. . . .

**4.** § 1112(b) (2) inability to effectuate a plan; and (3) unreasonable delay by the debtor that is prejudicial to creditors.

**5.** § 1123(4) [A plan may] provide for the sale of all or substantially all of the property of the estate, and the distribution of the proceeds of such sale among holders of claims or interest. . . .

**6.** § 1129(11) [The court shall confirm the plan if] confirmation of the plan is not likely to be followed by the liquidation, or the need for further financial reorganization, of the debtor or any successor to the debtor under the plan, unless such liquidation or reorganization is proposed in the plan.

**7.** See note 4.

own plans under § 1121(c).[8]  Henderson has not done so in this case.

■ Dismissal is also sought under § 1112(b)(3).  Under this section, a case may be dismissed for undue delay that is prejudicial to the creditors.  At the hearing, no evidence was brought forward to show that delay in filing a plan is prejudicial to the creditors in this case.  The only other creditor who appeared, Southeast National Bank, objected to dismissal of the case.  This fact would seem to negate any inference of prejudice.

The movant has not persuaded the Court that adequate grounds for dismissal exist and, therefore, the motion is denied.

---

8.  § 1121(c)  Any party in interest, including the debtor, the trustee, a creditors' committee, an equity security holders' committee, a creditor, an equity security holder, or any indenture trustee, may file a plan if and only if—

(1) a trustee has been appointed under this chapter;

(2) the debtor has not filed a plan before 120 days after the date of the order for relief under this chapter;  or

(3) the debtor has not filed a plan that has been accepted, before 180 days after the date of the order for relief under this chapter, by each class the claims or interests of which are impaired under the plan.