### In re DANEHY DEVELOPMENT CORP., Debtor.

### Bankruptcy No. 82–02393–BKC–TCB.

United States Bankruptcy Court, S.D. Florida.

Feb. 8, 1983.

Hugh Quinn, Miami, Fla., for debtor.

## ORDER DISCHARGING ORDER TO SHOW CAUSE

THOMAS C. BRITTON, Bankruptcy Judge.

This voluntary chapter 11 petition was filed on December 10, 1982 without any schedules, that is to say, without reflecting either the debtor's assets or liabilities. The debtor was required by Interim Rule 1007(d) to file these schedules not later than December 27. It failed to do so. On January 5, the debtor was ordered to file these schedules by January 10. (C.P. No. 5a). The debtor failed to do so. The debtor was then ordered to show cause why this case should not be dismissed or converted. (C.P. No. 7a). At the hearing held on February 7, the debtor announced that it had filed the schedules that day. It offered no excuse or explanation for its failure to comply with either the Rule or the Order of January 5.

It is quite apparent (C.P. No. 6) that the primary purpose of this case is to block the ex-wife of the debtor's president in her effort to collect $12,000 back alimony from him. Sheriff's in five Florida counties are looking for the president, Danehy. A State court has garnished all assets of the debtor. On the debtor's emergency motion, I denied on January 14 the debtor's request for injunctive relief to protect the president. (C.P. No. 8). Neither this proceeding nor this court are appropriate shelters for a husband being pursued by an angry ex-wife. The president's judicial relief must come from the State court or, if necessary, through appeal.

The debtor was formed so recently that it has received no income, incurred no expenses and, therefore, has filed no tax returns. The only disclosed stockholder is not the president, but is an apparent assignee, Patricia Kiepke, who lives in Tampa. The corporation's assets are said to be worth double its debt, 93% of which is undisputed, secured debt. The foregoing information is furnished by the debtor's pleadings. If they are accurate, there is no bonafide need for reorganization of .this debtor nor is there any plausible prospect of a confirmable plan.

The debtor has contracted to pay its attorney $150 an hour, with a minimum charge of $10,000 for this exercise.

I find and conclude that no useful or beneficial purpose' is likely to be achieved for the debtor in this court. It is certain to bear a substantial expense the longer this case lasts. It is equally apparent that the creditors are being delayed without any corresponding benefits. Therefore, the interests of creditors and the debtor would be better served by dismissal of this case.

Accordingly, this case is dismissed under 11 U.S.C. § 305(a)(1). Dismissal is with prejudice to the filing of any voluntary bankruptcy proceeding by this debtor earlier than September 1, 1983. The automatic stay is, therefore, automatically terminated. § 362(c)(2)(B).