**In re POWELL BROTHERS ICE COMPANY, A Partnership, Debtor.**

**Bankruptcy No. 83–40567.**

United States Bankruptcy Court,
D. Kansas.

Jan. 23, 1984.

Mark A. Corder, Hackler, Londerholm, Corder, Martin & Hackler, Olathe, Kan., for Farmers Bank and Trust Co.

John L. Richeson, Anderson, Byrd & Richeson, Ottawa, Kan., for Wellsville Bank.

Donald E. Bucher, McDowell, Rice & Smith, Kansas City, Kan., for debtor.

Carol A. Park, Wichita, Kan., Asst. U.S. Trustee.

## ORDER

JAMES A. PUSATERI, Bankruptcy Judge.

In this chapter 11 proceeding, two creditors have filed motions seeking either dismissal, conversion or relief from the automatic stay.

The debtor is a partnership in the business of manufacturing and distributing ice.

The instant chapter 11 proceeding was filed on June 30, 1983. In August, 1983 the debtor's ice plant was damaged by a major fire, resulting in $36,000 of damage. Approximately one-half of the $36,000 damage is attributable to repair and replacement, and one-half to the cost of acquiring ice to stay in business.

The debtor has been regularly filing monthly reports. These reports facially show monthly losses. An examination of the reports, however, reveal that expenses for accelerated depreciation are listed. While accelerated depreciation may be allowed by the Internal Revenue Code, nevertheless it does not necessarily portray an accurate picture of the debtor's need to replace machinery based on a piece of equipment's actual useful life.

From January 1 to November 30, 1983 after adjusting the maximum depreciation listed for tax purposes, and if the August fire had not occurred, the debtor would have had a net profit of approximately $50,-000 for 11 months.

Keith Powell, one of the partners in the debtor, testified concerning the need to file a chapter 11 petition. Mr. Powell indicated that a price war developed between a num-

ber of the ice companies servicing the Kansas City area. The price war resulted in decreased profits for the debtor and in fact many of the other ice companies. The accounting tasks for the debtor were handled by a relative after the death of the regular accountant. When the debtor's books were finally sorted out, it became apparent that the debtor was in need of reorganization. This conclusion was apparently also reached by several other ice companies who also sought relief under the Bankruptcy Code.

The creditors presented no evidence concerning the likelihood of rehabilitation. They relied on the monthly statements filed by the debtor.

Turning to the specific motions of each creditor, Wellsville Bank filed a motion to dismiss on December 5, 1983 stating the following grounds:

1. the debtor has not effectuated a plan pursuant to § 1121.

2. the debtor's insurance was cancelled impairing Wellsville's collateral.

3. the debtor's delay in effectuating a plan is unreasonable and prejudicial.

Also on December 5, 1983 the Farmers Bank & Trust Co. of Gardner, Kansas (FBT) filed a motion to dismiss or alternatively to convert to chapter 7 and for relief from the stay. The grounds for its motion were:

1. continuing loss to and diminution of the estate and no reasonable likelihood of rehabilitation;

2. cancellation of insurance;

3. no plan proposed under § 1121;

4. debtor's liabilities exceed assets by a 3 to 2 margin;

5. continuing operating losses.

A hearing was set for December 20, 1983. At the hearing, the debtor produced a certificate of insurance (exh. 2) indicating that insurance never lapsed, is still in force and will continue to be in force. Thus, the ground for dismissal or conversion based on lack of insurance is denied.

There is no specific time limit after which a chapter 11 case must be converted. Section 1121 simply provides an exclusive period in which the debtor may file a plan of reorganization. These time period are not deadlines. *Theatre Holding Corp. v. Mauro,* 681 F.2d 102, 106 n. 4 (2nd Cir.1982). Section 1121 is a ground for dismissal or conversion only if the Court has fixed a time within which a plan must be filed. 11 U.S.C. § 1112(b)(4).

Section 1112 permits conversion or dismissal if there is *both* unreasonable delay and prejudice. 11 U.S.C. § 1112(b)(3). See *In Re Nielsen,* 6 B.R. 82, 6 B.C.D. 1056 (Bkrtcy.N.D.Ala.1980); *In Re L.N. Scott Co., Inc.,* 13 B.R. 387, 7 B.C.D. 1280, 5 C.B.C.2d 45 (Bkrtcy.E.D.Pa.1981). Failure to file a plan over long periods of time, however, can be evidence of no prospect for reorganization and an inability to effectuate a plan under 11 U.S.C. §§ 1112(b)(1), and (2), even where a creditor does not ask the Court to set a time within which a plan must be filed. *In Re Gusam Restaurant Corp.,* 32 B.R. 832, 10 B.C.D. 1320 (Bkrtcy.E.D.N.Y.1983). Similarly, where a case has been on file and there is no movement toward confirmation, or there is no prospect of reorganization, grounds for conversion or dismissal may exist. *In Re Larmar Estates,* 6 B.R. 933, 6 B.C.D. 1300, 3 C.B.C.2d 218 (Bkrtcy.E.D.N.Y.1980); *In Re Dutch Flat Inves. Co.,* 6 B.R. 470, 6 B.C.D. 1134, 3 C.B.C.2d 136 (Bkrtcy.N.D.Cal.1980); *In Re Danehy Devel. Corp.,* 27 B.R. 727 (Bkrtcy.S.D.Fla.1983).

On the other hand, dismissal is not always warranted where a case has progressed for long periods without formulation of a plan. See *In Re McGann Mfg. Co.,* 190 F.2d 845 (3rd Cir.1951) (5 years); *In Re Horizon Hospital, Inc.,* 10 B.R. 672, 7 B.C.D. 682 (Bkrtcy.M.D.Fla.1981) (1 year); *In Re Tiana Queen Motel, Inc.,* 34 B.R. 357 (D.C.S.D.N.Y.1983) (14 months before conversion). The best rule to be extracted from these cases is "that the debtor should be permitted a reasonable period of time . . . to reorganize." *In Re American Mariner Indus., Inc.,* 10 B.R. 711, 713, 7 B.C.D. 614, 4 C.B.C.2d 642 (Bkrtcy.C.D.Cal.1981). The reasonableness of a period should be deter-

mined on a case by case basis. Reorganization, rather than liquidation through conversion or dismissal, is favored. *In Re Lahman Mfg. Co.,* 33 B.R. 681, 685 (Bkrtcy.D.S.D.1983).

■ Section 1112 also provides for dismissal or conversion where there is a "continuing loss to or diminution of the estate *and* absence of a reasonable likelihood of rehabilitation . . . ." 11 U.S.C. § 1112(b)(1) (emphasis added). Post-petition negative cash flow is evidence of continuing losses. *In Re First Lewis Rd. Apts.,* 11 B.R. 576 (Bkrtcy.E.D.Va.1981). There must also be a showing of an absence of reasonable likelihood of rehabilitation because:

despite the sincerity of motives of the debtor, the court is not required to retain on its docket a proceeding for reorganization which is merely a visionary or impractical scheme of resuscitation.

*Breeding Motor Freight Lines, Inc. v. Reconstruction Finance Corp.,* 172 F.2d 416, 421 (10th Cir.1949), cert. denied 338 U.S. 814, 70 S.Ct. 54, 94 L.Ed. 493 (1949).

■ Before ruling on the motions brought under §§ 1112(b)(1), (3), the Court must comment on several statements made in FBT's brief. First FBT states:

The Court also knows that the secured creditors must unanimously accept the plan proposed by the debtor.

(Memorandum filed Dec. 29, 1983 at pg. 3–4). This is an incorrect statement of law. In fact, only *one* class of creditors must accept. 11 U.S.C. § 1129(a)(10). A plan may be crammed down over the dissent of every other class of creditors. 11 U.S.C. § 1129(b). In fact, a plan may be confirmed even if no secured creditors accept a plan if the provisions of §§ 1129(a)(10) and 1129(b) are met. Next, FBT states:

the acceptance must occur 180 days after the order for relief is filed.

(Memorandum filed Dec. 29, 1983 at pg. 4). This is also an incorrect statement of law. Nowhere in the Code is there such a requirement. The cases and commentary cited by FBT certainly do not reach such a legal conclusion.

■ The Court also notes the following deficiencies in both creditor's presentations. Evidence was offered of the rate at which interest on claims was accruing. Undersecured creditors in fact are not accruing interest on their pre-petition claims. 11 U.S.C. §§ 502(b)(2), 506(b). Thus, any evidence that debts owed to these creditors are increasing due to accruing interest must be rejected. There is absolutely no proof that these creditor's claims are entitled to include accrued interest under § 506(b), because neither creditor offered any evidence of the value of their collateral.

The creditors indicate they have not received a payment on secured debt since January, 1983. Of course, during the pendency of this chapter 11 proceeding, neither creditor sought adequate protection payments. Thus, the Court can only opine that the creditors did not believe they were entitled to or in need of payments during the pendency of this case.

FBT states its collateral is depreciating in value. (Memorandum filed Dec. 29, 1983 at pg. 5). The Court does not recall that either creditor even indicated the exact nature of its collateral at the hearing. Most importantly, there was absolutely no evidence presented concerning value of collateral nor whether the collateral was depreciating in value. Thus, the Court must reject any argument in support of conversion, dismissal or relief from the stay that has as its basis depreciation of collateral.

Turning to the remaining grounds, the Court has already indicated that § 1121 does not provide a deadline and is not a ground for dismissal pursuant to § 1112(b)(4). The Court has not been asked to set a deadline in this case until very recently. This motion is pending. Thus, motions to dismiss based on § 1121 and § 1112(b)(4) must be denied. The remainder of the creditor's motions for dismissal arise under § 1112(b)(3) and (b)(1). Under § 1112(b)(3), the creditor must present some evidence of both unreasonable delay *and* prejudice. Assuming, arguendo, that 6 months is an unreasonable delay, there is no evidence of prejudice. The Court has not

been presented with any evidence of the nature of either creditor's collateral, nor the effect of this proceeding or the value of the creditor's interest in the collateral. The Court can only assume at this stage that the collateral is maintaining its value since the creditors have not sought adequate protection payments. The Court also does not believe, however, that the creditors have shown unreasonable delay. The cases cited by the creditors do not stand for the proposition that all cases on file for 6 months without a plan must be converted or dismissed. The cases cited required a showing of no movement toward confirmation and no prospect of reorganization. The creditors have simply not shown a lack of progress toward a plan.

Under § 1112(b)(1), the creditors must show a continuing loss to or diminution of the estate *and* absence of a reasonable likelihood of rehabilitation. Once again, the creditors' proof failed. The creditors offered the debtors' monthly reports indicating a negative cash flow as evidence of continuing losses. Mr. Powell offered evidence that the reports reflected damage from a fire in the plant and accelerated depreciation for tax purposes. When both of these factors were taken into account and adjusted to reflect the debtor's actual state of affairs, the debtor's cash flow was in fact positive. FBT states the debtor's positive cash flow is insufficient to discharge a secured debt of $198,000.00. Of course, $198,000.00, even if owed, is not necessarily the extent of the *secured* claim. Without knowing the value of the collateral, the Court has absolutely no idea of the size of the secured claim. See 11 U.S.C. § 506(a). Thus, the Court cannot say the debtor has no ability to service secured claims, when the Court was not presented with evidence to indicate the extent of the secured claims. Furthermore, FBT's memorandum states that the debtor's cash flow is insufficient to satisfy secured claims in 5 years. Chapter 13, however, and not chapter 11, has a 5 year limit. See 11 U.S.C. § 1322(c). Chapter 11 has no specific time limit within which claims must be paid. The time limit is solely governed by

§§ 1129(a)(11); § 1129(b); § 361. Accordingly, the Court holds the debtor presented evidence to indicate reasonable likelihood of rehabilitation and thus the creditors' motions brought under § 1112(b)(1) are denied.

In sum, the Court finds there is at this time insufficient evidence presented to warrant dismissal, conversion or relief from the stay. Thus, the Court denies the motions of both creditors.

IT IS SO ORDERED.