In re Marlowe D. BACON, Ruth A. Bacon, Debtors.

Bankruptcy No. 84–01062.

United States Bankruptcy Court, N.D. Iowa.

Aug. 16, 1985.

Michael W. Fay, Springville, Iowa, for debtors.

John J. Bauercamper, Waukon, Iowa, for PCA.

Douglas M. Henry, Dubuque, Iowa, for Simon's Feed Store, Inc., an unsecured creditor.

Findings of Fact, Conclusions of Law, and ORDERS Dismissing Chapter 11 Proceedings

WILLIAM W. THINNES, Bankruptcy Judge.

On August 8, 1985, after proper notice, the Court held a hearing on a Motion to Dismiss filed by Northeast Iowa Production Credit Association (hereinafter PCA).

Having heard the statements of counsel and the debtors, and having reviewed the record as a whole, this Court now makes its Findings of Fact, Conclusions of Law and Orders pursuant to Federal Rule of Bankruptcy Procedure 7052.

## FINDINGS OF FACT

1. The Debtors filed their Chapter 11 Petition on April 11, 1984. On the following day a Notice to Comply with Local Rules 6003 and 6004 was mailed to the Debtors and their attorney. Local Rule 6004, encaptioned "REPORTS" was quoted in the notice.

2. The Debtors have failed to comply with Local Rule 6004. None of the 16 monthly reports due to date have been filed with the Court. The Court does note, however, that some 29 pages of computer printouts were attached to the Disclosure Statement filed on December 26, 1984. The Court further notes that six pages of computer printouts were introduced as evidence by PCA at the March 8, 1985 final hearing on PCA's Motion to Lift the Stay. These are the only "quasi-reports", which have been presented to the Court, but not filed.

3. The Debtors' prosecution of this case has been characterized by the knee-jerk reactions to the motions filed by PCA. First, the Plan of Reorganization and Disclosure Statement were filed on December 26, 1984—the date set for the preliminary hearing on PCA's Motion to Lift the Stay. Second, the Debtors failed to comply with this Court's Order to amend their patently inadequate disclosure statement until this hearing on PCA's Motion to Dismiss. The March 8, 1985, Order required the Debtors to amend their Disclosure Statement within 10 days.

## CONCLUSIONS OF LAW

1. PCA has met its burden of proof in showing unreasonable delay occasioned by the Debtor and/or their counsel which is prejudicial to the interests of creditors as required by 11 U.S.C. § 1112(b)(3). *See, In re Economy Cab and Tool Co., Inc.,* 44 B.R. 721 (Bkrtcy.Minn.1984).

2. The Debtors have failed to prosecute their bankruptcy in an expeditious fashion. Failure to prosecute a Chapter 11 case in an expeditious manner is "cause" to dismiss or convert a Chapter 11 case. *In re Powell Bros. Ice Co.,* 37 B.R. 104, 106 (Bkrtcy.Kan.1984); *In re Larmar Estates,* 6 B.R. 933, 6 B.C.D. 1300, 3 C.B.C.2d 218 (Bkrtcy.E.D.N.Y.1980); *In re Dutch Flat Inves. Co.,* 6 B.R. 470, 6 B.C.D. 1134, 3 C.B.C.2d 136 (Bkrtcy.N.D.Cal.1980); *In re Danehy Devel. Corp.,* 27 B.R. 727 (Bkrtcy. S.D.Fla.1983). *See also In re Van Brunt,* 46 B.R. 29 (Bkrtcy.W.D.Wisc.1984) (Chapter 11 debtor is obligated to prosecute its bankruptcy case in an expeditious manner), *cf. Jafree v. Scott,* 590 F.2d 209, 211 (7th Cir.1978) (civil rights action: "the basic duty of prosecuting the action remains on the plaintiff who brought it").

3. The complete disregard by the Debtors of Local Rule 6004 requiring the

filing of monthly reports with the Court constitutes "cause" to dismiss this Chapter 11 case. The creditors are not being provided the basic financial data necessary to make decisions regarding their best interests. Fundamental fairness requires that such information be readily available to creditors without the need to resort to F.R. B.P. 2004 examination procedures.

4. The failure of the Debtors to amend their patently inadequate disclosure statement for six months when ordered to do so within ten days by this Court's Order of March 8, 1985 is an inexcusable delay. Said delay is prejudicial to the creditors of this estate inasmuch as the case is stymied until the Disclosure Statement is approved.

5. A Chapter 11 reorganization case should have clear direction. The "progress" of this case seems well typified by the comments of the Cheshire Cat: "It doesn't matter which way you go ... you're sure to [get somewhere] if you only walk long enough." L. Carroll, *Alice's Adventures In Wonderland,* 57 (Delacorte Press ed. 1966). This case, of tardy, knee-jerk reactionism, has indeed meandered and wallowed too long in non-direction. The inattentiveness of the Debtors to the Court's Orders has caused undue delay prejudicial to all creditors involved. In light of the foregoing, the Court concludes that this case has indeed arrived at its Waterloo and must be dismissed.

### ORDER

IT IS HEREBY ORDERED that this Chapter 11 case is dismissed.