**In re C.J. CORPORATION, dba Apartment and Office Building Improvements, Debtor(s).**

**Bankruptcy No. 84–00406.**

United States Bankruptcy Court, D. Hawaii.

Sept. 14, 1987.

**274**

Colin Kurata, Honolulu, Hawaii, for petitioner.

Carol Muranaka, Honolulu, Hawaii, for respondent.

## ORDER DENYING MOTION FOR RULE 60(b) RECONSIDERATION OF ORDER REGARDING MOTION TO DISMISS CHAPTER 11 PROCEEDING AND ORDER DISMISSING CHAPTER 11 PROCEEDING

JON J. CHINEN, Bankruptcy Judge.

On May 26, 1987, the United States of America ("United States") on behalf of the Internal Revenue Service filed a Motion to Dismiss Chapter 11 Proceeding ("Motion to Dismiss"). A hearing was held on June 19, 1987, at which time this Court denied the Motion to Dismiss, but ordered that (1) debtor fully pay all administrative federal taxes on or before June 30, 1987, (2) debtor file a plan of reorganization and disclosure statement on or before July 20, 1987; and that (3) debtor file all monthly profit and loss statements, as required by the Court's Standing Order. The Court ordered that, if debtor failed to comply, upon the filing of an affidavit or declaration by the Attorney for the United States verifying that the debtor had not complied, this Court may dismiss this petition with prejudice.

Pursuant to a declaration filed on July 6, 1987 by an attorney for the United States, this Court dismissed the Chapter 11 proceeding by order filed on July 9, 1987.

On July 20, 1987, debtor filed its Motion for Rule 60(b) Reconsideration, along with a memorandum in support of the motion for reconsideration. The United States filed a memorandum in opposition. The Court, being advised in the premises, now renders this memorandum decision and order.

The debtor filed this petition for relief under Chapter 11 of the Bankruptcy Code on July 23, 1984, at which time, the Standing Order in Chapter 11, Debtor in Possession Cases ("Standing Order"), was issued to the debtor. On September 10, 1984, an Order for Payment of Federal, State of Hawaii, and County taxes was filed, directing debtor to timely pay all the administrative taxes.

At the time of the filing of the petition, the Internal Revenue Service ("IRS") was entitled to payment of outstanding federal taxes, interest, and penalties in the approximate sum of $32,489.80 for withholding and Federal Insurance Contributions Act ("FICA"). The IRS is a secured creditor in the approximate sum of $10,955.33, including penalties and interest.

The debtor accrued post-petition withholding and F.I.C.A. taxes for Form 941 for the period ended December 31, 1986 in the amount of $1,962.04 including interest due, all in violation of the Court's Order for Payment of Federal Taxes, State of Hawaii and County Taxes. The debtor also had failed to provide to the Special Procedures Office of the IRS, Honolulu, Hawaii, proof of its federal tax deposits with tax form 941 for the first quarter of 1987.

Because of these violations, and since the debtor failed to file a plan of reorganization and failed to abide by other orders of this Court, the USA filed the Motion to Dismiss on May 26, 1987. Notice was giv-

en to all creditors, the debtor, and its attorney.

At the hearing on June 19, 1987, this Court ordered the debtor to fully pay all administrative federal taxes on or before June 30, 1987 and to file its monthly profit and loss statements promptly in accordance with the Court's prior Standing Order. The Court ruled that, upon the filing of an affidavit or declaration by the attorney for the United States verifying that the debtor has not filed its monthly profit and loss statements as ordered, or that the debtor has not fully paid its administrative federal tax liabilities, this Court would dismiss this case with prejudice. Based upon the affidavits submitted, this Court dismissed this petition without further hearing.

Debtor now claims that this Court erred in dismissing this petition based upon the affidavit. The Court finds this argument without merit.

This Motion for Reconsideration was filed pursuant to Bankruptcy Rule 9024 which incorporate Rule 60 of the Federal Rules of Civil Procedure ("FRCP") by reference.

FRCP 60(b) provides in pertinent part, as follows:

> On Motion and upon such terms as are just, the court may relieve a party or party's legal representative from a final judgment, order, or proceeding for the following reasons: (1) mistake, inadvertence, surprise, or excusable neglect ... (6) any other reason justifying relief from the operation of judgment.

■ In applying Rule 60(b), it is clear that a motion under it "is addressed to the sound discretion of the Court." 11 Wright & Miller, *Federal, Practice and Procedure* (1986 ed.) Civil 2857. Further, Rule 60(b) should be broadly construed so as to do "substantial justice". However, a party cannot have relief under Rule 60 merely because he is unhappy with the judgment. He must make a showing of why he was justified in failing to avoid a mistake or inadvertence. Gross carelessness is not enough, nor ignorance of the law. 11 Wright & Miller, *Federal Practice and*

*Procedure* (1973 ed.) Civil 2858 at 170 (citing cases).

■ Section 1112(b) of Title 11, United States Code provides that, after notice and a hearing, the Court may dismiss or convert a case under this chapter, whichever is in the best interest of creditors and the estate, "for cause". That section enumerates nine reasons which show sufficient cause to dismiss. These causes, however, are not exclusive. *In re Dutch Flat Inv. Co.*, 6 B.R. 470 (Bankr.N.D.Cal.1980); *In re Asbridge*, 61 B.R. 97 (Bankr.D.N.D.1986). *See generally* 5 *Collier on Bankruptcy*, 1112.03[2] (15th ed. 1979).

■ Three years have passed since the petition was originally filed. To date, neither a plan of reorganization nor a disclosure statement has been filed. Such failure to diligently prosecute one's case is ample grounds for dismissal for cause. 11 U.S.C. 1112(b)(2) & (3). *See e.g. In re Van Brunt*, 46 B.R. 29 (Bankr.W.D.Wi.1984); *In re Larmar*, 6 B.R. 933 (E.D.N.Y.1980); *In re Powell Bros. Ice. Co.*, 37 B.R. 104 (Bankr.Kan.1984). This Court has found the debtor's action to be prejudicial to the creditors and unreasonable. This Court allowed debtor additional time to prosecute the action. Debtor failed to do so, and now requests additional time to do that which it should have performed long ago.

Additionally, the debtor has failed to fully comply with the Court's Standing Order, requiring the timely submittal of monthly profit and loss statements. 11 U.S.C. § 704(7).

Debtor filed its first financial statement on February 20, 1986, nearly eighteen months after this Chapter 11 proceeding was commenced. The subsequent statements were not filed until October 14, 1986, nearly six months after the initial first filing. Only after the government filed the Motion to Dismiss did the debtor file its statements for the months of February, 1987 through April, 1987.

Debtor now claims for the first time that the Standing Order requiring monthly profit and loss statements to be filed no later than the fifteenth day of each month fol-

lowing the month covered by the statement is unduly burdensome to the debtor, arguing that debtor receives its bank statements around the tenth to twelfth of each month.

The debtor raises this argument for the first time. Debtor has never requested an extension of time to file the statements, although the Standing Order clearly indicates that the Court may, for cause shown, extend the time.

The Court concludes that it is not an undue burden for debtor to keep track of expenses as they are incurred. There is absolutely no reason why it is necessary to review bank statements to determine the deposits made and drafts drawn against the account. Furthermore, it appears that debtor is submitting cash-basis financial data when the Standing Order requires accrual basis statements.

In *In re Bacon*, 52 B.R. 52 (Bankr.N.D. Iowa 1985), the Court dismissed the Chapter 11 case because the debtor ignored a local requirement to file monthly financial statements. The Court stated that the creditors were not being provided the basic financial data necessary to make decisions regarding their best interest. Likewise, the untimely filing of financial data in this case has caused prejudice to the creditors.

■ The continuing diminution of the estate without a reasonable likelihood of rehabilitation, is another reason to dismiss the case. 11 U.S.C. 1112(b)(1). As stated in *Breeding Motor Freight Lines, Inc. v. Reconstruction Finance Corp.*, 172 F.2d 416, 421 (10th Cir.1949), *cert. denied*, 388 U.S. 814, 70 S.Ct. 54, 94 L.Ed. 493 (1949), "the court is not required to retain on its docket a proceeding for reconstruction which is merely visionary or, impractical scheme of resuscitation." *See also, In re Galvin*, 49 B.R. 665 (Bkrtcy.D.N.D.1985) (Post-petition negative cash flow is considered by courts to be evidence of continuing losses required by section 1112(b)(1), which provides that cases may be dismissed for cause of diminution of estate and absence of likelihood of rehabilitation); *In re First Lewis Road Apartments, Inc.*, 11 B.R. 576 (Bankr.E.D.Va.1981) (Element requiring showing a "continuing loss to or diminution of the estate" may be satisfied by showing negative cash flow after order for relief).

According to the profit and loss statements filed, the debtor is not operating at a profit. In February, 1987, its cash receipts were only $15,945.03 while its disbursement were over $32,000.00, resulting in a loss of $17,400.00. The lack of profit is further made apparent in that the loss shown does not include disbursement for the federal and state taxes. Although March, 1987 showed a profit of $6,286.38, in April, 1987, another loss of $2,244.29 was incurred which again does not include any disbursements for federal taxes which were required to be paid.

In *In re Galvin*, 49 B.R. 665 (Bankr.D.N.D.1985), the court stated, "it is not the purpose of Chapter 11 to allow a debtor a permanent cloak of protection while the estate's assets continue to diminish and the operational coherence unravels. The function of Chapter 11 is rehabilitation—not disintegration." It is time to terminate the unraveling of the debtor's assets and provide creditors some relief.

■ Finally, this Court finds debtor's contention that the issuance of the Order Dismissing Case with prejudice upon the filing of a affidavit violates its due process rights to be without merit. Notice was given to all creditors and the debtor, and a hearing was held on June 19, 1987. No other creditor appeared other than the United States. A second hearing on the Government's motion to dismiss is not required. *See In re Mineral Hill Corp.*, 16 B.R. 687 (D.Md.1982). The Court could have dismissed this petition at the first hearing. Instead, this Court gave debtor an opportunity to do the things which it was required to do long ago. Debtor withheld certain taxes from the employees' earnings which were supposed to have been remitted to the government. The Court granted debtor additional time to remit these taxes to the government. However, debtor failed to pay the taxes as ordered. Debtor cannot now claim that its due process rights have been violated.

Accordingly, for the reasons set forth above, this Court concludes that there has been no violation of debtor's rights to notice and hearing under the Code in the issuance of the order dismissing this case. There has been a full and complete hearing on the Motion to Dismiss and another hearing would only be superfluous.

For the foregoing reasons,

IT IS HEREBY ORDERED that the Motion for Reconsideration filed herein on July 20, 1987 be and the same is hereby denied in its entirety.