19 F.3d 18
 NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
Richard L. FISHELL; Dorothy M. Fishell, Plaintiffs-Appellants,
v.
UNITED STATES TRUSTEE; Robert Soltow; Fraser, Trebilcock,
Davis & Foster, Defendants-Appellees.
 No. 93-1182.
 United States Court of Appeals, Sixth Circuit.
 March 1, 1994.
 
 Before: KENNEDY, MARTIN and SILER, Circuit Judges.
 PER CURIAM.
 
 
 1
 Richard and Dorothy Fishell, debtors, appeal the order of the district court, affirming the bankruptcy court's order converting the debtors' bankruptcy case from Chapter 11 to Chapter 7. For reasons stated herein, we AFFIRM.
 
 Background
 
 2
 When the debtors filed a petition for relief under Chapter 11 of the Bankruptcy Code on November 16, 1990, they then became debtors in possession, and as such had the right to file a plan of reorganization. See 11 U.S.C. Secs. 1107(a) and 1121(a). They owned four parcels of real estate. Two of these parcels were owned free and clear. The third parcel was subject to a mortgage held by Robert Soltow.
 
 
 3
 The last parcel was subject to a mortgage held by Patricia Andre. Ms. Andre was granted relief from the automatic stay and the property went to foreclosure sale on April 15, 1991. Debtors filed an emergency request to mortgage one of the owned parcels in order to redeem the Andre property. When this motion was denied, debtors sold their redemption rights in the property for one dollar without notifying the bankruptcy court or the creditors.
 
 
 4
 On November 13, 1991, the United States Trustee filed a motion to convert the case from Chapter 11 to Chapter 7. The motion alleged, inter alia, that as the debtors had not yet filed a plan and disclosure statement the case should be converted. The bankruptcy court granted the motion and noted that neither a plan nor disclosure statement had ever been filed, that the debtors were doing nothing for creditors, and that the litigation was expensive and protracted.
 
 I.
 
 5
 A judge's authority for ordering conversion in a Chapter 11 proceeding is set forth in 11 U.S.C. 1112(b) which provides in pertinent part:
 
 
 6
 (b) ..., on request of a party in interest or the United States trustee, and after notice and a hearing, the court may convert a case under this chapter to a case under chapter 7 of this title or may dismiss a case under this chapter, whichever is in the best interest of creditors and the estate, for cause, including--
 
 
 7
 (1) continuing loss to or diminution of the estate and absence of a reasonable likelihood of rehabilitation;
 
 
 8
 (2) inability to effectuate a plan;
 
 
 9
 (3) unreasonable delay by the debtor that is prejudicial to creditors;
 
 
 10
 * * *
 
 
 11
 * * *
 
 
 12
 Proof of any one factor is sufficient to justify conversion. In re Route 202 Corporation, 37 B.R. 367, 372 (Bankr.E.D.Pa.1984). In determining whether to convert a case to Chapter 7 under this section, the bankruptcy court is afforded wide discretion to determine if cause exists and how to ultimately dispose of the case. In the Matter of Koerner, 800 F.2d 1358, 1367 (5th Cir.1986).
 
 
 13
 Discretionary rulings made pursuant to the Bankruptcy Code are reviewable only for abuse of discretion. In re Gonic Realty Trust, 909 F.2d 624, 626 (1st Cir.1990). Findings of fact of a bankruptcy court should not be disturbed unless there is "most cogent evidence of mistake or miscarriage of justice." In re Caldwell, 851 F.2d 852, 857 (6th Cir.1988).
 
 
 14
 The debtors argue that there was insufficient evidence before the bankruptcy court to support conversion. In reviewing that argument the district court ruled that the record "contains sufficient undisputed facts that show that the bankruptcy court did not abuse its discretion in issuing the order." The district court found sufficient evidence to support at least two grounds for conversion as listed in 11 U.S.C. Sec. 1112(b). These grounds include 1) "continuing loss to or diminution of the estate and absence of a reasonable likelihood of rehabilitation," and 2) "an inability to effecutate a plan of reorganization."
 
 
 15
 Under Sec. 1112(b)(1), loss to or diminution of the estate along with absence of reasonable likelihood of rehabilitation constitute cause for conversion. Debtors lost the primary asset on which they had relied for rehabilitation and reorganization. The real estate to be developed for the benefit of the creditors (the "Andre" property) was foreclosed upon by the mortgage holder and the redemption period had expired. That left the Soltow property which was deeded over to Robert Soltow prior to the start of this case because of the debtors' default on the note and mortgage given by the Fishells to creditor Robert Soltow. This property is the subject of several claims and is estimated to be tied up in the courts for two to three years.
 
 
 16
 The only other significant assets of the estate were the two residences which were not producing any income. One of these parcels cannot be subdivided any further. The remaining parcel in the estate was a condominium in Florida, which has since been sold by the Chapter 7 trustee. Before the sale, there was no income coming into the estate from this parcel. The debtors only came forward with an offer to purchase one of the properties after the court had converted the case, fourteen months after the debtors had filed for Chapter 11 relief. Thus, a conversion to Chapter 7 based on Sec. 1112(b)(1) was warranted by the bankruptcy court.
 
 
 17
 The second ground for conversion under Sec. 1112(b) is the debtors' inability to effectuate a plan. The district court affirmed the conversion to Chapter 7 under 1112(b)(2), observing that it was "undisputed that at the time of the conversion hearing the debtors' case was fourteen months old and that the debtors had not filed a plan." Failure to file a plan over long periods of time "can be evidence of no prospect for reorganization and an inability to effectuate a plan under 11 U.S.C. Sec. 1112(b)(1), and (2), even where a creditor does not ask the Court to set a time within which a plan must be filed." In re Powell Brothers Ice Company, 37 B.R. 104, 106 (Bankr.D.Kan.1984). The Powell court further stated that "the debtor should be permitted a reasonable period of time ... to reorganize" and the "reasonableness of a period should be determined on a case by case basis." Id. The bankruptcy court in the case at bar determined that the time for filing a plan was up. Debtors had not attempted to file a plan during the initial fourteen months of this case. Instead, at the conversion hearing, they asked for more time.
 
 
 18
 Debtors argue that the inability to effectuate a plan is only a ground for conversion after a plan has actually been proposed. However, the cases that debtors rely on involved ongoing businesses with employees, customers, positive cash flow and current production. As none of these elements exists here, conversion under Sec. 1112(b)(2) prior to the filing of a plan is allowed. In re Larmar Estates, Inc., 6 B.R. 933 (Bankr.E.D.N.Y.1980). In Larmar, the corporate debtors' Chapter 11 cases had been pending in the court for seven months with no attempt to file a plan or disclosure statement. The debtors did not have places of business, payrolls, or employees, nor were they engaged in commercial activity at the time of the bankruptcy proceedings. The Larmar court stated that there was no evidence that the debtors were closer to promulgating plans than when they originally filed their petitions seven months before. That court further held that the debtor's inability to effectuate plans of reorganization after enjoying protection of Chapter 11 for seven months constituted cause for converting the case to Chapter 7. Id. at 935-36.
 
 
 19
 Though not relied on by the district court, Sec. 1112(b)(3) may be used to convert a case to one under Chapter 7 for "unreasonable delay by the debtor that is prejudicial to creditors." As the bankruptcy court stated in the opinions on the motion to convert and the motion for reconsideration, the grounds for finding delay and prejudice are plain upon the record. The subparagraphs under Sec. 102(3) are merely illustrations of cause for conversion. "Cause for dismissal is not limited to the specifically enumerated examples set out in section 1112 but is rather within the sound discretion of the bankruptcy court." In re Kvamme, 93 B.R. 698, 700 (Bankr.D.N.D.1988). Based on a review of the docket, the bankruptcy court concluded that after fourteen months in Chapter 11 there had been no progress whatsoever in the case.
 
 
 20
 For the reasons stated herein, the decision of the district court is AFFIRMED.