78

In re George MISSOURI and Marion
Missouri, Debtors.

Bankruptcy No. LR 81–869.

United States Bankruptcy Court,
E. D. Arkansas, W. D.

Sept. 8, 1982.

Robert J. Brown, Little Rock, Ark., for
debtors.

## ORDER DENYING DEBTORS' MOTION FOR RECONSIDERATION

DENNIS J. STEWART, Bankruptcy
Judge.

Formerly, on August 9, 1982, this court
issued its written order, 22 B.R. 600, ab-
staining from these chapter 11 proceedings
under the provisions of § 305 of the Bank-
ruptcy Code and accordingly dismissing
them with prejudice. It was, in quintessen-
tial substance, the determination of the
court that the debtors had unfairly and
without ostensible excuse delayed the chap-
ter 11 proceedings when the files and rec-
ords in this case showed that the creditors
may have benefitted from immediate liqui-
dation, through chapter 7 proceedings or
otherwise, and the chapter 11 proceedings
themselves were inaugurated for the pur-
pose of frustrating the attempts of one
creditor to assert his rights in the state
courts. The abstention and dismissal was
entered by the court as the direct result of
the debtors' failure and refusal to respond
to an order of the court directing them to
show cause why the court should not ab-
stain from and accordingly dismiss this
case.

Now, after refusing any material disclo-
sure throughout the pendency of these
chapter 11 proceedings up to and through
the time of dismissal of this case, the debt-
ors move for reconsideration of the order of
abstention and dismissal, citing the hard-
ships which have been suffered by the debt-
ors and requesting that the dismissal be
"without prejudice" rather than "with prej-
udice."

It must be observed at this point that it
seems to the court that the debtors, if they
are presently suffering from some or all of
the hardships which they cite in their mo-
tion to reconsider, have brought the absten-
tion and dismissal on themselves through
the long, repeated, and virtually unrelieved
refusal to obey the rules and orders of the
court. In the end, as the court has detailed
in its order of abstention and dismissal, the

repeated refusal to respond to the court's orders permitted the court no other alternative except to abstain from and dismiss the action. The delay and prejudice which has been worked to creditors, and which provided the basis for the court's order of abstention and dismissal, should not now be further extended after the already overlong extension of the case.

This is so even though the debtors, as they now contend, may be suffering privation. The bankruptcy court has as its fundamental purpose the opening of its doors to those who suffer economic privation. But the door can be kept only so long as those who seek the court's protection obey the rules and orders designed to keep that protection consistent with notions of fairness and justice—to the creditors as well as to the debtors. Therefore, debtors who do not abide by the rules and orders of fairness must necessarily find that they have excluded themselves from the relief which is normally offered by the court.

To invoke any other rule would be to give notice that debtors may file chapter 11 proceedings, prolong them unnecessarily and in violation of the rules and orders of court, allow those proceedings to be dismissed by failing even to respond to an order of the court to show cause why the proceedings should not be dismissed, and then, by citing some hardships, have that dismissal set aside so that the proceedings might continue to be prolonged. Chapter 11 proceedings and title 11 proceedings in general, under such circumstances, could have no end. All one would need to do to keep his creditors at bay—without any duties or responsibilities whatsoever—is to file a chapter 11 proceedings and then refuse to do another thing, even though the court may reasonably direct that certain necessary duties and responsibilities should be carried out.

Abuse of the court's processes, however, cannot be rewarded, regardless of the merit otherwise of these who abuse the process. If the abuse which has been committed in this case were shown or confessed to be solely the failure of counsel or that of some other party, reconsideration might well be appropriate. But that has never been suggested or stated or shown. The court, otherwise, cannot presume that such derelictions are attributable to an officer of the court. The law cannot exist to protect and reward those who flout it.

The debtors devote a considerable portion of their motion to reconsider to pointing out that the lien of the creditor Castera has been voided as preferential. But that alone does not wipe out Mr. Castera's underlying claim nor the merit of it. The good faith or bad faith, motive or intent of a preferential transferee is something that is not adjudicated in determining a preference. *Katz v. First National Bank of Glen Head*, 568 F.2d 964, 970 (2d Cir. 1977). Therefore, it cannot be presumed that Mr. Castera's claim is any less meritorious than any other creditors' claims.

It is therefore, for the foregoing reasons,

ORDERED, that the debtors' motion for reconsideration be, and it is hereby, denied.