**In re Darrell J. VAN BRUNT, Debtor.**

**Bankruptcy No. EF11–82–02014.**

United States Bankruptcy Court,
W.D. Wisconsin.

Nov. 14, 1984.

Mart W. Swenson, Eau Claire, Wis., for debtor.

Peter F. Herrell, Eau Claire, Wis., for Production Credit Ass'n of River Falls.

## FINDINGS OF FACT, CONCLUSIONS OF LAW AND ORDER OF DISMISSAL

WILLIAM H. FRAWLEY, Bankruptcy Judge.

Production Credit Association of River Falls (PCA), by Attorney Peter F. Herrell, having filed a Motion to Dismiss; and a hearing having been held; and PCA appearing by counsel; and Debtor Darrell J. Van Brunt appearing by Attorney Mart W. Swenson; and briefs having been submitted; the Court, being fully advised in the premises, FINDS THAT:

1. On November 15, 1982, Debtor-in-possession Darrell J. Van Brunt filed for relief under Chapter 11 of the Bankruptcy Code. The parties proceed on the assumption that the Debtor is a "farmer" within the meaning of 11 U.S.C. sec. 101(17).

2. On October 13, 1983, the Debtor filed a proposed Disclosure Statement and a proposed Plan.

3. On November 3, 1983, Production Credit Association of River Falls filed an Objection to Disclosure Statement.

4. On November 14, 1983, this Court held a hearing on the Debtor's Disclosure Statement and PCA's Objection thereto. *See* Fed.R.Bankr.P. 3017(a).

5. At the hearing this Court approved the Disclosure Statement subject to amendments. The matter was adjourned to the further order of the Court, attorneys to advise.

6. On December 6, 1983, the Debtor filed an amendment to his Disclosure Statement.

7. The Debtor has filed regular monthly financial statements.

8. PCA has presented evidence to show that there is a continuing diminution of the estate and an absence of a reasonable likelihood of rehabilitation, *see* 11 U.S.C. sec. 1112(b)(1), that the Debtor is unable to effectuate a plan, *see id.* at 1112(b)(2), and that there has been unreasonable, prejudicial delay by the Debtor, *see id.* at 1112(b)(3). However, in light of the discussion that follows, specific findings need not be made regarding such evidence.

### Discussion

9. Under 11 U.S.C. sec. 1112(b), this Court may convert or dismiss a Chapter 11 proceeding when there is "cause".

■ 10. The Chapter 11 debtor is a fiduciary of his creditors, *In re Telemark Management Co., Inc.*, 41 B.R. 501, 507 (Bankr.W.D.Wis.1984), and is obligated to prosecute his bankruptcy proceeding in an expeditious manner. *In re Becker*, 38 B.R. 913, 917 (Bankr.D.Minn.1984); *see* 11 U.S.C. sec. 1107; *cf. Jafree v. Scott*, 590 F.2d 209, 211 (7th Cir.1978) (civil rights action: "the basic duty of prosecuting the action remains on the plaintiff who has brought it").

■ 11. Accordingly, lack of prosecution is "cause" to convert or dismiss a Chapter 11 proceeding.[1] *In re Powell Bros. Ice Co.*, 37 B.R. 104, 106 (Bankr.D. Kan.1984).

■ 12. It has been two years since the Debtor filed for relief, one year since the Debtor filed his proposed Plan and eleven months since the Debtor took *any* action of record to gain confirmation of that Plan.

13. The Debtor has offered no evidence to rebut the presumption that he does not intend to prosecute the above-captioned bankruptcy proceeding.

---

1. Debtor delay may support a motion to convert or dismiss before it is clear that the debtor does not intend to prosecute his case. *See* 11 U.S.C. sec. 1112(b)(3) (conversion or dismissal for unreasonable, prejudicial delay); *see generally In re L.N. Scott Co., Inc.*, 13 B.R. 387, 389 (Bankr.E. D.Penn.1981) (unreasonable debtor delay may give rise to inference of creditor prejudice); *cf. Washington v. Walker*, 734 F.2d 1237, 1239 (7th Cir.1984) (civil rights proceeding: "prejudice may be presumed from an unreasonable delay").

## CONCLUSION OF LAW

The above-captioned bankruptcy proceeding should be dismissed. *Cf.* 11 U.S.C. sec. 1112(c) (Chapter 11 proceeding may not be converted to Chapter 7 if the debtor is a farmer).

## ORDER

IT IS ORDERED THAT *In re Van Brunt,* EF11–82–02014 (Bankr.W.D.Wis.) be, and the same hereby is, DISMISSED without costs.