764 F.2d 520
 Bankr. L. Rep. P 70,588
In re John R. FOSSUM and Nancy L. Fossum, Debtors.
John R. FOSSUM and Nancy L. Fossum, Appellants,
v.
FEDERAL LAND BANK, Norwest Bank of Sauk Rapids, Creditors
Committee, Appellees.
 No. 84-5214.
 United States Court of Appeals,
Eighth Circuit.
 Submitted May 15, 1985.
Decided June 12, 1985.
 
 Christopher A. Elliott, St. Paul, Minn., for appellants.
 James L. Wiant, Sauk Rapids, Minn., for Norwest Bank.
 Madge S. Thorsen, Minneapolis, Minn., for Federal Land Bank.
 Before BRIGHT, ROSS and JOHN R. GIBSON, Circuit Judges.
 ROSS, Circuit Judge.
 
 
 1
 John and Nancy Fossum filed a chapter 11 bankruptcy petition on December 13, 1982, seeking to reorganize their farming business. The debtors filed a reorganization plan on June 29, 1983, an amended plan on September 23, 1983, and a second amended plan on March 26, 1984. Two creditors--Norwest Bank of Sauk Rapids, Minnesota and the Federal Land Bank--objected to the plan on the basis that it was infeasible. The creditors also sought a dismissal of the case.
 
 
 2
 The bankruptcy court denied confirmation of the plan, finding it infeasible and inequitable. The court also dismissed the case, stating only: "There is a point at which the debtors must realize that reorganization is simply not possible and [that] liquidation is the only feasible alternative." In re Fossum, Bky. No. 3-82-2353, slip op. at 6 (Bankr.D.Minn. May 9, 1984).
 
 
 3
 The district court affirmed the bankruptcy court's decision. First, the court found no error in the bankruptcy court's denial of confirmation of the reorganization plan, as the finding of infeasibility was not clearly erroneous. Second, the court found no error in the bankruptcy court's dismissal of the case. The court quoted the above statement from the bankruptcy court opinion, and stated: "It is clear from the order of the bankruptcy court that the bankruptcy court felt that the plan presented was not feasible and that a feasible plan was not possible." Fossum v. Federal Land Bank, No. 3-84 CIV. 842, slip op. at 4 (D.Minn. October 18, 1984). This finding was also found to be not clearly erroneous. Finally, the court rejected the Fossums' argument that the bankruptcy court failed to make adequate findings of fact, stating:
 
 
 4
 The debtors finally assert that the bankruptcy court erred in failing to make specific findings of fact with respect to the dismissal of their chapter 11 case. The debtors rely on Bankruptcy Rule 7042 [sic, 7052] which incorporates Federal Rules of Civil Procedure 52 into adversary proceedings. The debtors' reliance is misplaced. Bankruptcy Rule 7001 specifically states the hearings that are adversary in nature and to which Part VII of the Bankruptcy rules applies. A conversion or dismissal hearing under subsection 1112(b) is not included under that rule. Therefore, the bankruptcy court was not required to make specific findings of fact with regard to the dismissal of the chapter 11 case.
 
 
 5
 Id. at 5.
 
 
 6
 On appeal, the Fossums raise the single issue of whether the findings of fact made by the bankruptcy court were adequate to support the dismissal of the case. We find that the findings of fact were adequate to support the dismissal and, accordingly, affirm.
 
 DISCUSSION
 1. Necessity of Findings of Fact
 
 7
 Bankruptcy Rule 7052 makes FED.R.CIV.P. 52 applicable in "adversary proceedings." A dismissal is not listed as an "adversary proceeding" in Bankruptcy Rule 7001. However, Bankruptcy Rule 1017(d) makes Bankruptcy Rule 9014, which deals with "contested matters", applicable in dismissal proceedings, and Bankruptcy Rule 9014 makes Bankruptcy Rule 7052 applicable to the cases governed by Bankruptcy Rule 9014. The Advisory Committee Note to Bankruptcy Rule 9014 states: "When the rules of Part VII [rules on adversary proceedings] are applicable to a contested matter, reference in the Part VII rules to adversary proceedings is to be read as a reference to a contested matter. See Rule 9002(1)." Essentially, the Advisory Committee Note instructs us to read the term "adversary proceedings" to mean "contested matter" when a matter governed by Bankruptcy Rule 9014 is involved. Hence, FED.R.CIV.P. 52 is applicable to dismissal proceedings such as the one involved in this case. Accordingly, it was necessary for the bankruptcy court to make the findings of fact required by FED.R.CIV.P. 52(a).
 
 2. Adequacy of Findings of Fact
 
 8
 A finding that the Fossums were unable to effectuate any plan which would be confirmable is a proper basis for dismissal of the Fossums' chapter 11 case. See 11 U.S.C. Sec. 1112(b)(2) (1982). In light of the evidence in the record, the bankruptcy court's statement that "the debtors must realize that reorganization is simply not possible and [that] liquidation is the only feasible alternative" is a sufficient finding that this fact existed. While the court's findings could have been more detailed and more direct, the findings comply with FED.R.CIV.P. 52(a). As we stated in Freeman v. Gould Special School District, 405 F.2d 1153, 1157 (8th Cir.), cert. denied, 396 U.S. 843, 90 S.Ct. 61, 24 L.Ed.2d 93 (1969):
 
 
 9
 '[A] district court's findings of fact must be liberally construed and found to be in consonance with the judgment if the judgment has support in the record evidence. * * * This is so even if the findings are not as specific or detailed as might be desired.'
 
 
 10
 (quoting Manning v. Jones, 349 F.2d 992, 996 (8th Cir.1965). See 5A J. MOORE & J. LUCAS, MOORE'S FEDERAL PRACTICE p 52.06 at 151-52, n. 31 (2d ed. 1984).
 
 
 11
 Accordingly, we affirm.