**In the Matter of Richard R. SWARTZMAN and T. Arlene Swartzman, Debtor(s).**

**Bankruptcy No. 81–2314.**

United States Bankruptcy Court, M.D. Florida, Tampa Division.

March 26, 1986.

Jary Nixon, Tampa, Fla., for Tri-County Development Co.

Harley Riedel, Tampa, Fla., for debtors.

## ORDER ON MOTION TO DISMISS

ALEXANDER L. PASKAY, Chief Judge.

THIS CAUSE came on for consideration upon the Motion to Dismiss the above-captioned Chapter 11 case filed by Tri-County Development Company. Tri-County seeks dismissal on grounds which can be summarized as the Debtor's inability to effectuate a Plan and unreasonable delay by the Debtor that is prejudicial to creditors.

The Court reviewed the record in this case and finds that on September 10, 1982 this Court entered an order directing the Debtor to file a Plan and Disclosure Statement. The Debtor complied but on January 28, 1983 an order was entered sustaining an Objection to the Disclosure Statement and directing the Debtor to file an Amended Disclosure Statement within 20 days. The Debtor failed to file an Amended Disclosure Statement within the time period set by that order but did file an Amended Disclosure Statement on April 20, 1983 in response to an Order to Show Cause. The Amended Disclosure Statement was disapproved by order entered on October 24, 1983. The Debtor filed an amendment to the Amended Disclosure Statement the following day and on January 17, 1984 the Court approved the Disclosure Statement.

There were objections to confirmation, however, and on May 11, 1984 an order was entered denying confirmation but granting

60 days in which to file an Amended Plan. On August 3, 1984 the Court entered an order extending the time to file an Amended Plan and Amended Disclosure Statement for 15 days. The Amended Disclosure Statement and Plan were filed on February 7, 1985. The Disclosure Statement was approved on September 5, 1985. Confirmation was denied and the Debtors were given 30 days to file an Amended Plan and Disclosure Statement. Over four months later, on January 14, 1986, the Debtors moved for an extension of time to file a Plan and Disclosure Statement and an order was entered on January 16, 1986 granting that motion.

There can be no serious doubt that there has been unreasonable delay in this case that has been prejudicial to the creditors. Further, the record reveals that the Debtor is not in business but is a wage earner and the Plan which will be proposed is a 10% Plan which will be partially funded by wages of the Debtor. It is clear that such a Plan serves no meaningful purpose and that it is in the best interest of the creditors and the estate that this Chapter 11 case be dismissed pursuant to 11 U.S.C. S1112(b)(3).

Accordingly, it is

ORDERED, ADJUDGED AND DECREED that the Motion to Dismiss Chapter 11 Case filed by Tri-County Development Company be, and the same is hereby, granted and the above-captioned Chapter 11 case is dismissed.