**In re James Burnette WOOD and Shannon Maureen Wood, aka Shannon Patten, Debtors.**

**Bankruptcy No. 83–00361.**

United States Bankruptcy Court, D. Hawaii.

Dec. 16, 1986.

**614**

Carol Muranaka, Honolulu, Hawaii, for movant.

Edward C. Kemper, Honolulu, Hawaii, for debtors.

### FINDINGS OF FACT AND CONCLU-SIONS OF LAW RE: MOTION TO CONVERT

JON J. CHINEN, Bankruptcy Judge.

On September 24, 1986, the United States of America ("Movant") filed its Motion to Convert to Chapter 7 Proceeding, or in the Alternative, to Dismiss. Present at the hearing held on October 24, 1986, were Carol Muranaka, Esq. for Movant, Tod Tanaka, Esq. for Bank of Hawaii and Edward Kemper, Esq. for James Burnette Wood and Shannon Maureen Wood, aka Shannon Patten ("Debtors").

Following the hearing, the court took the matter under advisement. Based on the records in the file, the memoranda submitted and arguments of counsel, the court makes the following Findings of Fact and Conclusions of Law.

### FINDINGS OF FACT

The Debtors filed their petition for relief under Chapter 11 of the Bankruptcy Code on July 26, 1983. On August 3, 1983, an Order for Payment of Federal, State of Hawaii and County Taxes was filed, directing Debtors to timely pay the foregoing taxes to the various entities as they become due.

On July 23, 1984, Territorial Savings & Loan Association ("Territorial") filed its Motion For Relief.

On September 17, 1984, Debtor and Debtor's counsel were served with copies of the Court's Standing Order in Chapter 11, Debtor in Possession Cases, filed on July 23, 1984. Among others, the Standing Order directed that Debtor in Possession "shall file with the Clerk of the Bankruptcy Court and submit to the creditors' committee a monthly report and loss statement...." Such statement is to be filed within 15 days of each month following the month covered by the statement.

Following a final hearing on Territorial's Motion for Relief, on December 13, 1984, this Court entered its Findings of Fact and Conclusions of Law wherein the Court denied Territorial's Motion For Relief and continued the automatic stay on the following conditions:

(a) All post-petition arrearages were to be brought current within 45 days and, thereafter, all post-petition payments to Territorial were to be made pursuant to the terms of the mortgage.

(b) Debtors were to forthwith seek to resolve the dispute over the third mortgage with Bank of Hawaii and seek a settlement of the Brotman's Estate, from which Mrs. Wood expected to receive an inheritance.

(c) Debtors were to submit a viable plan of reorganization and disclosure statement within 60 days from December 12, 1984.

On February 11, 1985, Debtors moved for an extension of time within which to file their Plan of Arrangement. Their contention was that, since the Brotman Estate from which Mrs. Wood expected an inheritance has not yet closed because of the disagreement among the beneficiaries as to the method of distribution, they requested 30 additional days after the Washington State Court determined a distribution of the estate. However, in her affidavit, Mrs. Wood did not set any date for the distribution, and she stated that she has not accepted a proposal for settlement of the estate by one of the beneficiaries because she wishes "to obtain more cash and/or income producing assets."

Because Debtors failed to bring current the post-petition arrearages to Territorial as directed in the Court's Findings of Fact and Conclusions of Law filed on December 13, 1984, the court entered an Order lifting the stay in favor of Territorial on February 26, 1985.

Following a denial of Debtor's Motion for reconsideration of the Order in favor of Territorial granting a lifting of the stay, Debtors requested permission to file a plan of arrangement "30 days after the final order is issued in the foreclosure action in the state court action."

Following a hearing on November 15, 1985 as to the status of the Brotman Estate, this court ordered that the plan of reorganization and disclosure statement must be filed by November 25, 1985.

On November 25, 1985, the Debtor filed a Plan of Reorganization, but failed to file any disclosure statement. In the plan, Debtors proposed to pay the impaired claims after the two litigations with McCor-

mack Real Estate and with Bank of Hawaii are completed. The plan further provided that, should the litigations be unsuccessful or partially successful, the impaired claims will be paid from the assets of the estate remaining after termination of the last suit.

In its Motion to convert to Chapter 7 Proceeding or In the Alternative to Dismiss, Movant complains, among others, as follows: (1) that Debtors have failed to pay their taxes as required by the court; (2) that Debtors have paid $5,000.00 in attorney's fees in April of 1986, without prior approval of the court; (3) that, between the period January to June, 1986, Debtor's monthly income and expense statements reflect income of $34,104.10 for the period but that, during this period, the Debtors incurred $3,267.95 of expenses to take care of their pets and $2,723.84 for travel expenses without prior approval of the court; (4) that Debtors' monthly expenditures equal their monthly income to the penny; (5) that Debtors have always filed their monthly profit and loss statements in an untimely manner, in violation of the court's standing order; (6) that Debtor's monthly statements that had been filed prior to September 24, 1986 indicate that approximately $47,637.81 were received from the Brotman estate; and (7) that the records appear to show that, though a total income of $118,298.52 was received by the estate since the filing of the petition in bankruptcy, there is a net profit of only $2,181.85.

Movant contends that this case should be converted or dismissed for the following reasons:

1. There has been a continuing diminution of the estate and there is no reasonable likelihood of rehabilitation.

2. The Debtor is unable to effectuate a plan of reorganization.

3. The Debtor has failed to follow the Bankruptcy Rules and the Court's standing order.

4. There has been unreasonable delay that has been prejudicial to creditors.

On October 7, 1986, Bank of Hawaii joined in the Motion to Convert to Chapter 7 Proceeding, or in the alternative, to Dismiss.

On October 23, 1986, the Debtors filed a memorandum in opposition to the motion to convert to Chapter 7 or, in the alternative to dismiss.

## CONCLUSIONS OF LAW

Section 1112 of the Bankruptcy Code, in pertinent part, provides as follows:

(a) The debtor may convert a case under this chapter to a case under chapter 7 of this title unless—

(1) the debtor is not a debtor in possession;

(2) the case originally was commenced as an involuntary case under this chapter; or

(3) the case was converted to a case under this chapter other than on the debtor's request.

(b) Except as provided in subsection (c) of this section, on request of a party in interest, and after notice and a hearing, the court may convert a case under this chapter to a case under chapter 7 of this title or may dismiss a case under this chapter, whichever is in the best interest of creditors and the estate, for cause, including—

(1) continuing loss to or diminution of the estate and absence of a reasonable likelihood of rehabilitation;

(2) inability to effectuate a plan;

(3) unreasonable delay by the debtor that is prejudicial to creditors;

(4) failure to propose a plan under section 1121 of this title within any time fixed by the court;

■ The court is not limited to the grounds enumerated in Section 1112(b) in determining whether there is cause to dismiss or convert a Chapter 11 case. The Legislative history makes this clear. "The list [contained in section 1112(b)] is not exhaustive. The Court will be able to consider other factors as they arise, and to use its equitable powers to reach an appropriate result in individual cases." House Report No. 95–595, 95th Cong., 1st Sess. 405–06 (1977) *reprinted in* [1978] U.S.Code Cong. and Ad.News, pp. 5787, 5963, 6362; *see generally* 5 *Collier on Bankruptcy,* ¶ 1112.03[2] (15th ed. 1979).

■ Over three years have elapsed since the filing of the petition for relief. Although a plan was filed on November 25, 1985, to date no disclosure statement has been filed. No effort has been made by Debtors to have the plan confirmed. Instead, the Debtors request more time to file a viable plan and disclosure statement. They first requested permission to file their plan and disclosure statement after the distribution of the Brotman Estate had been completed. They next requested that the time to file the plan be further extended until after the final order in the state foreclosure proceeding had been filed. They now request time until after the conclusions of their litigations against Bank of Hawaii in the Bankruptcy Court and against the McCormack Real Estate Company and Michael McCormack in the State Circuit Court. When they will be concluded, no one knows. After judgments are rendered in the trial courts, there may be motions for reconsideration, appeals, et. which may consume another four to five years. Meanwhile, Debtors continue to incur additional administrative expenses.

Debtors have received and spent considerable amount of money. Without prior approval of the court, between January and June, 1986, they have spent, among others, $3,200.00 to take care of their pets and over $2,700.00 for Mrs. Wood to travel to Hollywood to sell a script. Attorney's fees had been paid without prior approval of the court. In addition, time and money were spent to avoid and defend a foreclosure action after the automatic stay had been lifted by this court.

The court finds in this case that the delay in filing a viable plan of reorganization and disclosure statement is unreasonable and is prejudicial to the creditors. The Debtors are using the funds in the estate

for their own benefit, not for the benefit of the estate.

And Debtors have not complied with the Order of this Court directing that they file their monthly income and expense statement by the 15th of the following month. The statements for January, 1986 was filed on May 29, 1986, the statements for April and May, 1986 were filed on July 22, 1986. The statements for September 1985 through December 1985 were file in October 1986, only after Movant's Motion to Convert to Chapter 7 Proceeding, or in the Alternative to Dismiss was filed on September 24, 1986.

No valid reason is given for the filing of the September through December 1985 reports in October, 1986, a year later. A review of those monthly reports shows that, in September 1985 over $17,000.00 were received from the Brotman Estate, but that over $4,000.00 were spent to acquire business assets without prior approval of the court. The report does not explain the "business assets" and their purpose.

The court can only surmise that Debtors did not want the creditors to know of the foregoing facts.

Courts have held that failure to file monthly reports with the court constitutes "cause" to dismiss a Chapter 11 case. As was stated in *In re Marlowe D. Bacon*, 52 B.R. 52, 53 (Bkrtcy N.D. Iowa 1985) the creditors are entitled to the basic financial data necessary to make decisions regarding their best interest.

In addition, on several occasions, the court directed Debtors to file a plan of reorganization and a disclosure statement. Though a plan of reorganization has been filed, no disclosure statement has been filed.

When a debtor seeks the protection of the Bankruptcy Court and requests "breathing space," a chance to reorganize, the debtor must comply with the orders of the court. A debtor cannot merely hold off the creditors and wish for better times.

In the instant case, the petition for relief was filed on July 26, 1983. It is now November 1986. Soon, it will be three and one-half (3½) years since the filing of the petition. There is no immediate relief in sight. Debtors ask for more time to file a viable plan of reorganization and a meaningful disclosure statement.

Debtors have a duty to prosecute their Chapter 11 case in an expeditious manner. Otherwise, the case may be converted or dismissed. In *In re Van Brunt*, 46 B.R. 29 (Bkrtcy W.D. Wis.1984), the court dismissed a Chapter 11 case for failure on the part of the debtor to take any action to gain confirmation of a plan within two years after filing of the petition.

As was stated in *Breeding Motor Freight Lines, Inc. v. Reconstruction Finance Corp.*, 172 F.2d 416, 421 (10th Cir. 1949), cert. denied, 338 U.S. 814, 70 S.Ct. 54, 94 L.Ed. 493 (1949), "the court is not required to retain on its docket a proceeding for reorganization which is merely a visionary or impractical scheme of resuscitation."

The foregoing only shows that Debtors are grasping for straws. There is no guarantee that the two litigations will be in favor of Debtors. Meanwhile, Debtors will only incur more administrative expenses. If Debtors are not successful in their litigations, the unsecured creditors will be worse off.

Meanwhile, Debtors live an affluent life while the creditors wait, wait, and wait. It is time that the creditors be permitted to obtain that to which they are entitled under the laws.

▮ In addition, the court finds that, expending large sums of money for care of pets when other legitimate debts are not paid signify gross mismanagement of debtor's affairs.

The court finds the foregoing reasons sufficient cause to convert this case to chapter 7.

An· Order will be signed upon presentment.