**In re Arthur C. McDERMOTT, Esther L. McDermott, Debtors.**

**Bankruptcy No. 85–00565.**

United States Bankruptcy Court, N.D. New York.

June 26, 1987.

Frederick J. Scullin, Jr., U.S. Atty., Syracuse, N.Y., for the U.S.; Gustave J. DiBianco, Asst. U.S. Atty., of counsel.

David W. Pelland, Syracuse, N.Y., for debtors.

## MEMORANDUM–DECISION, FINDINGS OF FACT, CONCLUSIONS OF LAW AND ORDER

STEPHEN D. GERLING, Bankruptcy Judge.

The United States of America, acting through the Farmers Home Administration of the Department of Agriculture ("FmHA") has moved to dismiss, with prejudice, Debtors' voluntary bankruptcy case, filed pursuant to Chapter 11 of the Bankruptcy Code, 11 U.S.C. §§ 101–1330 ("Code"). As additional relief, FmHA

seeks to specifically prohibit Debtor Arthur C. McDermott from filing of further bankruptcy petitions prior to the conclusion of a state court foreclosure sale of his real property. Alternatively, FmHA seeks modification of the Code § 362 automatic stay to allow the foreclosure action to continue, coupled with the same Court-imposed restraint upon Mr. McDermott.

At the adjourned return date of June 2, 1987, Debtors' counsel acknowledged and consented to the entry of an Order of Dismissal. However, he contested any limitation on Mr. McDermott's future right to file a bankruptcy petition. The Court has consequently ordered dismissal of this Chapter 11 case, and reserved upon the issue of whether the dismissal is with prejudice, and if so, to what extent.

## FACTS

On July 11, 1985, the Debtors filed their voluntary petition seeking relief under Chapter 11 of the Code. At the time of filing, FmHA was preparing a foreclosure sale of Debtors' farm, set for July 12, 1985. This was the second time that FmHA had been stymied in its efforts to seek redress of its rights against Debtors under state law.

FmHA had originally received the judgment of foreclosure against Debtors in September 1983, in the amount of $485,458.18. After securing the foreclosure judgment, FmHA advertised a foreclosure sale for November 5, 1984. On the date of the proposed sale, the Debtors filed a Chapter 13 petition. This Chapter 13 case was subsequently dismissed by the Court on April 11, 1985, ostensibly the result of Debtors' nonpayment pursuant to the terms of their plan. However, as the Court recognized in its Memorandum-Decision of December 16, 1985, the real reason for dismissal of the Chapter 13 case was Debtors' inability to comply with the debt ceiling restrictions of Code § 109(e).[1] As indicated, within three months of the dismissal, FmHA was again

frustrated in its foreclosure attempts by virtue of the Chapter 11 filing.

This is not the first time FmHA has sought dismissal of the Chapter 11 case. By motion filed September 24, 1985, FmHA contended 1) that Debtors were ineligible for Chapter 11 relief because they did not operate a viable or extant business concern; 2) that Debtors could not propose a feasible plan of reorganization; and 3) that Debtors' successive bankruptcy filings evidenced bad faith. The Court rejected FmHA's motion, noting that while Debtors' exclusive time for filing a plan of reorganization had expired, the evidence adduced left open the possibility that a sale of certain estate assets could produce enough money to fund a liquidating plan. Additionally, while the Court recognized that a pattern of successive bankruptcy filings could constitute sufficient "bad faith" so as to warrant dismissal, the FmHA had failed to prove the existence of a pattern in the present case. Finally, as a result of Court's recognition that Chapter 11 cases should not be prematurely converted or dismissed, the Debtors were given an additional 90 days to submit a viable disclosure statement and plan of reorganization.

The 90 days has long since passed. After entry of the Court's decision, Debtors' original disclosure statement was approved by Order dated February 26, 1986. Hearing on confirmation of Debtors' original plan was set for April 14, 1986, later adjourned to May 30, 1986. This hearing was adjourned, and later discontinued, for in the interim, FmHA had filed written objections to the plan; the objections were heard on June 18, 1986, and Debtors given until July 25, 1986 to submit an amended disclosure statement and plan.

Debtors finally filed these documents on September 10, 1986, and the Order approving the amended disclosure statement was entered on October 30, 1986. A second amended plan was filed on December 17, 1986, with a hearing on confirmation set for February 13, 1987. This date was ad-

---

1. *In re McDermott,* 78 B.R. 646, 651 (Bankr. N.D.N.Y.1985) (Gerling, B.J.).

journed to February 25, 1987, and the matter discontinued after Debtors' counsel indicated to the Court that the second amended plan could not be confirmed. Thus, nearly two years and three proposed plans of reorganization have elapsed since the date of Debtors' Chapter 11 filing.

## CONCLUSIONS OF LAW

A review of FmHA's motion papers indicates the agency's position has changed little since its first motion to dismiss was denied in December of 1985. FmHA still contends Debtors filed the petition in bad faith, and on this ground, seeks the prohibition against future bankruptcy filings. The Debtors attempted to comply with the Court's earlier Order requiring the filing of a viable disclosure statement and viable plan of reorganization. The earlier plans were all contingent upon Debtors securing a buyer for the premises, and for whatever reasons, a buyer was never found. The Court cannot say that Debtors have filed the petition in bad faith. The Court was not prepared to do so in December, 1985, and nothing further has been presented by FmHA which alters the perception. Indeed, FmHA relies upon Code § 1112(b)(2) as grounds for dismissal at this juncture.[2] Consequently, the seminal question is whether this bankruptcy court should exercise its equitable powers to sanction debtors when a case is dismissed due to the failure to effectuate a plan of reorganization within the two years after filing.

In a number of cases, courts have recognized that a farmer debtor's delay in preparing disclosure statements or plans, or in prosecuting the case in general, constitutes sufficient cause for dismissal of the Chapter 11 case pursuant to Code § 1112. This was the holding of *In re Van Brunt*, 46 B.R. 29, 30 (Bankr.W.D.Wis.1984), where two years had elapsed since the petition filing, one year had elapsed since the filing of a proposed plan, and eleven months had elapsed since the debtor had taken any steps to see the plan confirmed. Dismissal

of a farm Chapter 11 was also warranted where the debtor had proposed two plans within two years of the filing of the bankruptcy petition, and both had been rejected. *In re Anderson*, 52 B.R. 159, 163 (Bankr.D. N.D.1985). These cases, factually akin to the present, merely implement in an agricultural context the generally accepted view that dismissal of a Chapter 11 case is appropriate when a viable and adequate plan of reorganization is not presented within a reasonable time after filing, and the estate and creditors continue to suffer losses as a result. *Clarkson v. Cook Sales and Service Co. (In re Clarkson)*, 767 F.2d 417, 420 (8th Cir.1985); *Fossum v. Federal Land Bank (In re Fossum)*, 764 F.2d 520, 522 (8th Cir.1985); *Stapleton v. Archer Daniels Midland Co. (In re Stapleton)*, 55 B.R. 716 (S.D.Ga.1985); *Matter of Swartzman*, 60 B.R. 18 (Bankr.M.D.Fla.1986).

Yet, all the foregoing cases are factually distinguishable from those in which a bankruptcy case has been dismissed *with prejudice*, for while generally dismissal is without prejudice, a bankruptcy court may state otherwise. Code § 349(a); *In re Ray*, 46 B.R. 424, 426 (S.D.Ga.1984). In *Sundstrom Mortgage Co., Inc. v. 2218 Bluebird Limited Partnership (In re 2218 Bluebird Limited Partnership)*, 41 B.R. 540, 545 (Bankr.S.D.Calif.1984), the debtor's case was dismissed, and debtor barred from filing a bankruptcy petition for the six months following dismissal. The bankruptcy court imposed this sanction after determining the debtor had filed the petition in "bad faith" after receiving heavily encumbered assets on the eve of filing. In *Ward v. Guglielmo (In re Guglielmo)*, 30 B.R. 102, 108 (Bankr.M.D.La.1983), the dismissal was with prejudice due to an express finding that the filing had been in bad faith, and that debtor had acted in bad faith during the pendency of the case by failing to obey a court order. A debtor's failure to file a list of its twenty largest unsecured creditors, and its counsel's stubborn refusal to comply with several court directives

---

2. Code § 1112 provides in relevant part:
    (b) [o]n request of a party in interest, and after notice and a hearing, the court ... may

dismiss a case under this chapter ... for cause, including—
    (2) inability to effectuate a plan; ...

ordering compliance with Fed.R.Bankr.P. 1007(d), has resulted in dismissal with a prohibitory bar against a new filing for six months. *In re Dandy Doughboy Donuts, Inc.*, 66 B.R. 457, 458 (Bankr.S.D.Fla.1986). A bankruptcy court's use of sanctions was held appropriate where it was found that the debtor's filing was in bad faith, and that the use of sanctions (pursuant to Fed. R.Bankr.P. 9011) would deter future bad faith filings. *Unifirst Bank for Savings, F.A. v. Park Timbers, Inc. (In re Park Timbers, Inc.)*, 58 B.R. 647, 651–52 (Bankr. D.Del.1985). Finally in two cases before Bankruptcy Judge Stewart, the court ordered dismissal with prejudice (relying upon Code § 305(a)(1)) where the debtors had failed to file operating reports, disclosure statements, and plans of reorganization. *Matter of Odom Enterprises, Inc.*, 22 B.R. 785 (Bankr.E.D.Ark.1982); *In re Missouri*, 22 B.R. 600, *request for modification denied*, 23 B.R. 78 (Bankr.E.D.Ark. 1982).

While the filing or maintenance of a case in bad faith is not one of the "causes" specified in Code § 1112(b), legislative history specifies that dismissal or conversion will be the result of a court's use of "its equitable powers to reach an appropriate result." H.R.Rep. No. 595, 95th Cong., 1st Sess. 362, 406 (1977) *reprinted in* 1978 U.S.Code Cong. & Admin.News 5787, 6362. Hence, the court is free to utilize its judicial discretion under the circumstances, and dismiss a case for lack of good faith upon the appropriate showing. *Albany Partners, Ltd. v. Westbrook (In re Albany Partners, Ltd.)*, 749 F.2d 670, 674 (11th Cir.1984); *See also, Matter of Levinsky*, 23 B.R. 210, 219–20 (Bankr.E.D.N.Y.1982); *In re Eden Asso.*, 13 B.R. 578, 584 (Bankr.S. D.N.Y.1981).

Absent a showing of bad faith as grounds for dismissal of the Chapter 11 case, the Court will not now prospectively bar a bankruptcy filing by either of the Debtors. This holding should not suggest that the Court ignores the cost and expense FmHA has incurred as a result of Debtors' previous filings. A future bankruptcy filing by the Debtors, or either of them, would under the circumstances warrant the strictest scrutiny, and could conceivably establish the pattern of repetitive and spurious bad faith filings not heretofore indicated. Were Debtors to consider such a course of action prior to conclusion of FmHA's foreclosure proceedings, they should be well prepared to provide extensive proof of factual circumstances differentiating the future filing from the past or present bankruptcy cases. The Court will take a dim view of any future Chapter 11 or Chapter 12 plan by Debtors or their counsel, which relies upon a proposed private sale of assets, absent underlying proof that consummation of the sale is assured. Anything less will open the possibility of Debtors' or their counsel's liability for FmHA's past and future costs, expenses, and attorney's fees, should bad faith in filing be proven. *See Unifirst Bank for Savings, F.A. v. Park Timbers, Inc., supra*, 58 B.R. at 651–52; *Ward v. Guglielmo, supra*, 30 B.R. at 109. The Debtors are advised that the Court will scrutinize any future filing with an eye to determining whether a "reasonable expectation [exists] that the financial situation of [the] debtor can be successfully repaired through the reorganization process." *Matter of Bock*, 58 B.R. 374, 378 (Bankr.M.D.Fla.1986). But absent a showing of Debtors' bad faith in their previous dealings with the Court, the Debtors' right to file a bankruptcy petition in the future will not be prospectively impaired.

As a consequence of the foregoing, it is

ORDERED:

1. The motion of FmHA seeking dismissal of Debtor's Chapter 11 petition is granted, insofar as it seeks dismissal, without prejudice, *nunc pro tunc* June 2, 1987.